Walsh. v. Sexton.

to insist upon their right to a determination of the legal objections which they raise to the complaint.

An order to carry these views into effect may be prepared by either party, and may be settled on notice, and either party may make such suggestions for my consideration as he may desire, respecting the provisions of the bond and the order of reference hereinbefore mentioned.

The costs of the motions will be taxed in the causes, and abide the event thereof.

[NEW YORK SPECIAL TERM, August 2, 1869. *Cardozo,* Justice.]

———•••———

55 251
125a 577

55b 251
47ap475
47ap476

NICHOLAS WALSH, executor &c., *vs.* FRANCIS SEXTON.

Certificates of stock, and coupon government bonds, will pass by delivery *mortis causa,* without any writing.

Thus where the plaintiff's testatrix, during her last illness, having examined certain certificates of bank and railroad stock, and coupon government bonds, owned by her, sent for her husband, the defendant, and on his coming into the room, she handed him the box containing the securities, with the key thereof, saying that she gave him the box and its contents; that they would be of use to him after her death; and the box and its contents were taken and retained by him; *Held* that the title to the securities passed to the defendant, although no transfer of the stock was signed, and no power authorizing such transfer was signed by the testatrix.

ACTION to recover the value of certain shares of the stock of the Chatham Bank, and of the capital stock of the Third Avenue Railroad Company, and coupon bonds of the United States government, loan of 1861, left by the plaintiff's testatrix, and conceded to have been her property at the time of her marriage with the defendant. The defense set up in the answer was, that on or about the first day of April, 1865, Eliza Sexton, the plaintiff's testatrix, then being sick of a fatal illness, and in expecta-

tion of her speedy decease, desiring to transfer to the defendant (who was then her husband) the property described in the complaint, for his own use and benefit thereafter, in consideration of her love and affection toward him, gave the said property to the defendant, by delivering to him the certificates of said bank stock and railroad stock, and the coupon bonds mentioned in the complaint, at the same time directing him to have and keep the same as and for his own property; and that the same thereafter, with the knowledge and consent of the said Eliza Sexton, until her decease, was continuously kept by the defendant in his possession, and ever since has been so kept by him as his individual property. And the defendant claimed that by reason of the premises the said stock and bonds had become his property. The certificates, on their face, are made "transferable only by her or her attorney, on surrender of this certificate."

Upon the trial, the defendant offered to prove "that in the last weeks of March, 1865, before the death of Mrs. Sexton, the testatrix, she examined this stock in a tin box; that she sent a nurse, then in the room with her, for her husband; that he came into the room ; that she then handed him the box, together with the key thereof, and stated to him that she gave him the box and its contents ; that they would be of use to him after her death; that the box and property was then taken by him, and retained by him, and is still in his possession."

It was conceded that no transfer of the stock was signed, and no power of attorney authorizing such transfer was signed by the testatrix. The court thereupon rejected the proof, upon the ground that the title to the stock in question did not pass by a verbal gift, or handing over of the certificates of stock without a writing. To this ruling the defendant excepted. The judge directed the jury to find a verdict for the plaintiff, and the defendant excepted.

After judgment entered upon the verdict, the defendant appealed to the general term.

*Richard O' Gorman,* for the appellant. I. The exceptions are well taken. 1. The facts offered to be proved are sufficient to establish a *donatio causa mortis.* It is now established, by frequent adjudications, that *choses* in action, such as bonds and mortgages, and promissory notes, not indorsed, may be well transferred by delivery only, as a *donatio causa mortis.* (*Duffield* v. *Ellis,* 1 *Bligh, N. S.* 497, 542. *Brown* v. *Brown,* 18 *Conn. Rep.* 410. *Hurst* v. *Beach,* 5 *Madd. Ch. Rep.* 497. *Duffield* v. *Hicks,* 1 *Dow, N. S.* 1. *Walter* v. *Hodge,* 2 *Swanst.* 101, *note. Runyan* v. *Mersereau,* 11 *John.* 534.) A bond is the subject of gift by the mere delivery of the instrument. (*Blount* v. *Burrow,* 1 *Ves. Jr.* 546.) Also lottery tickets. (*Grangiac* v. *Arden,* 10 *John.* 293.) Also a promissory note of a third person, payable to order of the donor and not indorsed. (*Grover* v. *Grover,* 24 *Pick.* 261. 18 *Conn. Rep.* 410.) In *Penfield* v. *Thayer,* (2 *E. D. Smith's Rep.* 305,) it is held that the gift of a trunk and contents is a valid gift of a pass-book contained therein, constituting the voucher or evidence of deposit in a savings bank; that title to the money is thereby vested in the donee; that, if upon the donor's death the book falls into the hands of his representatives, and the money is collected by them, the donee may recover the same in an action against them. In *Allerton* v. *Lang,* (10 *Bosw.* 362,) it is held that the gift of a cloth pocket, with a pocket-book therein, containing certificates of ownership of bank stock by a deceased person to her stepdaughter, three weeks prior to her decease, was a valid gift of the stock; and the court decreed that the executors of the deceased should transfer to the donee the stock in question upon the books of the bank. In the late case of *Westerlo* v. *De Witt,* (36 *N. Y. Rep.* 340,) the Court of Ap-

peals have decided that the delivery of a certificate of deposit of money in a trust company, unindorsed, is a valid *donatio causa mortis* of the money so deposited. The appellant submits that the case last cited is perfectly analogous to the case at bar, and must be conclusive thereof. 2. The fact that no transfer of the stock, and no power of attorney authorizing such transfer, was signed by the testatrix, does not defeat the *donatio causa mortis.* The stock was delivered, and complete possession conferred upon the defendant. The transfer upon the books of the company is required by the company for its purposes, and cannot affect the question of title to the stock, or modify, or determine the rights and relations arising between vendors and vendees, or donors and donees of the shares thereof. (10 *Bosw.* 362, *supra.*) II. The judgment should be reversed.

*H. H. Anderson,* for the respondent. First, considering the gift, without reference to the subject of the gift, we say : I. If it is sought to hold this a gift, *mortis causa,* the offer and the facts of the case are insufficient to establish such a gift. 1. A gift, *mortis causa,* must be made— (*a.*) In apprehension of death. (*b.*) Must be conditional, to take effect only on the death of the donor of his existing disease or during his existing illness. (*c.*) Be revocable by the donor during life. (*d.*) Be a gift only upon a survivorship. (*e.*) Liable to debts of the donor. (*Harris* v. *Clark,* 2 *Barb.* 94. *Huntington* v. *Gilmore,* 14 *id.* 246. *Bedell* v. *Carll,* 33 *N. Y. Rep.* 581, 584.) This transaction took place a month before ·the death of the testatrix, and there is nothing in the case, or offer, to show that she made the gift (if made) in any expectation of the near approach of death, or that she died from any disease then existing.

II. The offer is equally insufficient to establish a gift *inter vivos.* 1. A gift, *inter vivos,* becomes complete by de-

Walsh *v.* Sexton.

livery, is irrevocable, takes effect *in presenti*, and the donor, thereafter, has no more right over the property than any other person. (*Bedell* v. *Carll*, 33 *N. Y. Rep.* 581, 584.) Such a gift establishes an immediate right in the donee to the enjoyment of the property and all its proceeds. The defendant's counsel does not pretend to establish such a gift; for, by the very terms of his offer, the contents of the box (supposing the stocks in question to be part of such contents) were not of use to the defendant until after the death of the testatrix.

III. By the acts stated in the offer made by the defendant's counsel, with the concession annexed thereto, the defendant did not become the owner of the stocks, whether he claimed them as *donatio inter vivos*, or *mortis causa*. 1. The donee, whether the gift is *inter vivos* or *causa mortis*, acquires no interest in the property given until actual delivery. Intention on the part of the owner is not enough, but the intention must be consummated, and carried into effect by those acts which the law requires to divest the donor, and invest the donee with the right of property. (*Ward* v. *Turner*, 2 *Vesey*, 431. *Harris* v. *Clark*, 3 *Comst.* 93. *Hunter* v. *Hunter*, 19 *Barb.* 631. 2 *Kent's Com.* 439. 2 *Black. Com.* 441.) 2. The stocks were transferable only by the testatrix or her attorney, upon the surrender of the certificates, and no transfer of the stock was made, nor was any power of attorney authorizing such transfer signed by her. 3. The certificates of stock are not the stock itself, nor does a gift of the certificates, without a transfer or a power of attorney to transfer, give any interest in or title to the stock. The certificate is a mere statement by the company that the person named therein is the owner of the number of shares therein designated. 4. These certificates of stock are not like promissory notes, bonds, or other contracts, which may pass by delivery; they are evidence of interest in the capital stock of the companies

issuing them, and can be transferred only in the manner provided by the corporations themselves. Upon their face they show how, and how only, this may be done, and of this both donor and donee were aware. Not having been so transferred, the defendant acquired no legal title to the stock, and the same did not pass to him as a gift, and he has no right to hold the same. (*N. Y. and N. H. Railroad Co.* v. *Schuyler*, 34 *N. Y. Rep.* 80 et seq.)

IV. The judgment below should be affirmed, with costs.

*By the Court*, PECKHAM, J.    Under the decisions of the court, which have been gradually but steadily advancing in that direction, I think the proof offered by the defendant should have been received, and that the justice at the circuit committed an error in its rejection.

He placed his rejection upon the sole ground that the title to the stocks in controversy could not pass without a writing. In principle, I think he was clearly right. But Lord Hardwicke, at an early day, sought to make a distinction as to a bond delivered without writing, which has been repudiated as unsound in principle, but has been steadily followed, and even extended in practice.

I concur in the views expressed by the court in *Brown* v. *Brown*, (18 *Conn. R.* 410,) against both the principle and the policy of sustaining such a gift. But the authorities are the other way. In my judgment, this doctrine is fraught with the greatest dangers. It leads into temptation, from which we all pray to be delivered, and it greatly facilitates frauds. The whole thing is wrong. But it is settled by authority, and we are not at liberty to reverse it.

The case lately decided in the Court of Appeals, of *Westerlo* v. *De Witt*, (36 *N. Y. Rep.* 340,) sustains the doctrine contended for by the appellant. There, a certificate of deposit in a trust company by the testatrix, given *mortis causa*, by handing over the certificate to the donee, with-

out any writing, was held to transfer the money deposited. There are many other cases of a similar character, in our courts.

The judgment must be reversed, and a new trial ordered, with costs to abide the event.

[NEW YORK GENERAL TERM, November 1, 1869. *Clerke, Ingraham* and *Peckham,* Justices.]