EUGENE E. LEWIS, as Executor, etc., Respondent, *v.* ENOS MERRITT, APPELLANT.

In an action by an executor to recover damages for the alleged conversion of certain promissory notes, it was conceded that the notes, before the death of plaintiff's testatrix, belonged to her, and that thereafter defendant had possession of them. The issue was as to whether she gave them to him or whether he wrongfully became possessed thereof. Plaintiff, as a witness in his own behalf, testified that a few hours before the death of decedent, when she was in an unconscious state, which continued until her death, he saw the notes in her trunk; that just after her death he looked again and they were gone, and that defendant was in the house and had an opportunity to take them. Defendant, as a witness in his own behalf, was permitted to testify that he had possession of the notes a week before the death of deceased, and that they were in his possession when the executor testified he saw them in the trunk; he was then asked: "Did you take them (the notes) from any person without their consent?" This was objected to as incompetent, under the Code of Civil Procedure (§ 829), and was excluded. *Held,* that if the ruling was erroneous, as the testimony was only proper in rebuttal, not to establish an affirmative defense, and as defendant, if believed, had already thoroughly and perfectly rebutted plaintiff's evidence, the error did not justify a reversal.

*It seems* that plaintiff's testimony tended to establish that there had been no personal transaction between deceased and defendant by which his possession could have been rightful, and it was thereby made competent for defendant to testify that he took the notes with her consent, and so rightfully.

The court, in submitting the question as to whether there was a gift as claimed by defendant, charged repeatedly that such a gift must be proved "beyond suspicion." *Held,* error.

While the proof to establish an alleged gift *causa mortis* must be clear and convincing, it is not correct to charge the jury that the presumptions of law are against it, or that the fact of the gift must be proved beyond suspicion.

Reported on a former appeal, 98 N. Y. 206.

*Grey* v. *Grey* (47 N. Y. 552) distinguished and limited.

*Lewis* v. *Merritt* (42 Hun, 161) reversed.

(Argued March 26, 1889; decided April 16, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 22, 1886, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought by plaintiff, as executor of the will of Charlotte J. Lewis, to recover damages for the alleged conversion of certain promissory notes belonging to the estate.

The facts, so far as material, are stated in the opinion.

*D. Morris* for appellant. The tortious taking alleged in the complaint was not proved. (*Poucher* v. *Scott*, 98 N. Y. 422; 33 id. 581.) The defendant is a competent witness to reply to and disprove the testimony of the plaintiff, as fully as if he were not a party. Not affirmative evidence, but in reply. (*Sweet* v. *Low*, 28 Hun, 432; 18 id. 319; *Markell* v. *Benson*, 55 How. 360; *Lewis* v. *Merritt*, 98 N. Y. 206; *Pinney* v. *Orth*, 88 id. 447.) The judge erred in his charge to the jury, that: "When a gift is alleged the presumptions are against it, and clear proof on the part of the claimant is required; it must be established beyond suspicion." (1 Bouvier, 278; *Bedell* v. *Carll*, 33 N. Y. 581, 585; *Champeney* v. *Blanchard*, 39 id. 111, 116; *Throw* v. *Shannon*, 78 id. 446; *Gray* v. *Gray*, 47 id. 552; *Walter* v. *Hodge*, 2 Swanston, 97; 2 Kent [8th ed.] 444; *Cantant* v. *Schuyler*, 1 Paige, 316.)

*Charles S. Baker* for respondent. Every presumption is to be taken against the defendant, and the clearest proofs are required on the part of the defendant to uphold the transaction. (*Gray* v. *Gray*, 47 N. Y. 552, 555, 557; *Kenney* v. *Public Administrator*, 2 Bradf. 319; *Nesbitt* v. *Lockman*, 34 N. Y. 167, 169; *Harris* v. *Clark*, 3 id. 93, 121; *Holcomb* v. *Holcomb*, 95 id. 316, 326.) If the evidence, offered by defendant and excluded, was of a negative and not affirmative character, it would still be excluded. (*Clarke* v. *Smith*, 46 Barb. 30; *Dyer* v. *Dyer*, 48 id. 190; *Stanley* v. *Whitney*, 47 id. 586; *Hill* v. *Heermans*, 17 Hun, 470; *Gray* v. *Gray*, 47 N. Y. 552, 554.) It involved a personal transaction or communication with the deceased under section 829 of the Code. (*Wadsworth* v. *Heermans*, 85 N. Y. 639, 640; *Wheeler* v. *Kurtz*, 9 N. Y. State Rep. 496, 497; *Hill* v. *Heermans*, 17 Hun, 470;

*Stuart* v. *Patterson*, 37 id. 113; *Tooley* v. *Bacon*, 70 N. Y. 34, 36, 37; *Waver* v. *Waver*, 15 Hun, 277; *Koehler* v. *Adler*, 91 N. Y. 657; *Holcomb* v. *Holcomb*, 95 id. 316, 325, 326; *Chadwick* v. *Tomer*, 69 id. 404, 407, 408; *Corning* v. *Walker*, 100 id. 551; *Campbell* v. *Hubbard*, 38 Hun, 306; *Pinney* v. *Orth*, 88 N. Y. 447; *Gray* v. *Gray*, 47 id. 552, 554; *Lewis* v. *Merritt*, 98 id. 206.) The charge that the gift must be proved beyond suspicion, under the peculiar and extraordinary facts and circumstances existing in the case, cannot be questioned. (*Gray* v. *Gray*, 47 N. Y. 552, 555, 556; *Kenney* v. *Public Administrator*, 2 Bradf. 319; *Harris* v. *Clark*, 3 N. Y. 93, 121; *Nesbitt* v. *Lockman*, 34 id. 167, 169.)

FINCH, J. This case was tried, so far as evidence was admitted or rejected, under objections founded upon section 829 of the Code, substantially in accordance with our opinion rendered in the same case upon a previous appeal, except, possibly, as to a single inquiry. We then held that the question put to the defendant, and excluded, whether he took the notes "from any trunk or any person," was a competent and proper inquiry, mainly because it served to answer and contradict the evidence of the executor and the inferences which that evidence tended to establish. On this trial the defendant was asked the same question in a modified form, and his answer was excluded. That question was: "Did you take them" — the notes — "from any person *without their consent?*" The action was brought and defended upon the conceded fact that defendant had possession of the notes. That before her death they belonged to deceased was another conceded fact. Whether they passed to defendant rightfully because with her assent, or wrongfully because without her assent, was the precise issue between the parties. Now, the executor testified that a few hours before the death of deceased, and when she was in an insensible state, which never improved, he saw these notes in her tin trunk; that just after her death he looked again, and they were gone; and that defendant was in the house that night and had

opportunity to take them. The direct inference from this proof was that defendant wrongfully took the notes without the knowledge or consent of the owner, and it tended to establish that there had been no personal transaction between such owner and the defendant by force of which his possession could have been rightful and honest. The executor was, therefore, examined as to a personal transaction with the deceased by the defendant; that is, he negatived the existence of any such transaction. In answer, the defendant was permitted to affirm its possibility by the terms of the Code. This he could do, both directly and indirectly. He was permitted to swear that he had possession of the notes a week before the death of deceased, and that when the executor professed to have found them in the trunk, they were, in fact, not there, but in defendant's possession. If this evidence was true, it directly contradicted the executor as to his facts, and indirectly as to his inference of a wrongful taking. But was defendant confined to that indirect rebuttal of the inference? Had he not the right to meet it directly, and say that his possession, concededly derived from deceased if the notes were not stolen, was rightfully obtained because with her consent? If the executor, it is asked, could swear as he did, through the medium of the inference he established, that defendant took the notes without the consent of the deceased, and so, wrongfully, why may not the defendant rebut the inference by saying that he took the notes with her consent, and so, rightfully. The answer is that the executor swore to independent facts tending to show that the personal transaction in issue was impossible, and defendant was at liberty to contradict those facts and remove that impossibility. That he was fully permitted to do, but not allowed to go further and swear that such personal transaction was not only possible, but did, in truth, actually take place. In any event the excluded evidence would have added little to his contradiction of the executor, for, if he was believed, he had already thoroughly and perfectly rebutted the plaintiff's evidence, and the further proof was needless in rebuttal

and only useful to establish an affirmative defense, for which purpose, as we held on the former appeal, it was not available. We ought not to reverse the judgment upon that ground.

But there was an error in the charge of the court to the jury which is too serious to be overlooked. The question submitted to them was one of gift. The evidence demonstrated that the notes were either wrongfully taken, or were given by deceased to the defendant. The latter was his ground of defense, and he gave evidence tending to prove it. In submitting the question to the jury whether there was such a gift to the defendant the learned judge laid down the rule that a gift must be proved "beyond suspicion," and reiterated the statement until it became the one prominent feature of the charge. The rule was not confined to a gift *causa mortis* in terms, but may fairly be so regarded under the circumstances of the trial. I do not know of anything which is required to be proved beyond suspicion. If there is anything, that particular fact can never be proved at all, for suspicion may exist wholly without evidence, in opposition to the most clear and cogent proof, and may remain after even the last reasonable doubt is removed. It may be founded upon the mere personal appearance of the party or witnesses, upon something in their manner, real or imagined, or even upon nothing except a suspicious temperament of the observer. It is amenable to no rules, it perverts simple and harmless actions, and sees mischief where none exists. To put such a standard before a jury is to take away all measurement of or control over the volume of proof required, and leave the verdict to an irresponsible and undiscoverable impulse. When it was said in *Grey* v. *Grey* (47 N. Y. 552) that a gift *mortis causa* must be proved beyond suspicion, the meaning of the learned judge was entirely plain and ought not to be misapprehended. It was a passing remark and very briefly phrased, and obviously meant that circumstances legitimately raising a suspicion of fraud or wrong must be explained away. The same judge, in *Grymes* v. *Hone* (49 N. Y. 17), upheld such a gift, saying: " As there is great

danger of fraud in this sort of gift, courts cannot be too cautious in requiring clear proof of the transaction. This has been the rule from the early days of the civil law (which required five witnesses to such a gift) down to the present time:" and he added, as to the case before him, "the proof of the assignment is entirely clear." Undoubtedly in such cases the proof must be clear and convincing, and strong and satisfactory, but it is not correct to say that the presumptions of law are *against* a gift as the learned judge charged, although it is true that the law does not presume in its favor, but requires clear and convincing proof; nor was it proper to say to the jury that the fact of a gift must be proved beyond suspicion.

For this error the judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.