(4 Misc. Rep. 564.)

## GIBBS v. CARNAHAN.

(Supreme Court, Special Term, Monroe County. August, 1893.)

GIFTS CAUSA MORTIS—EVIDENCE TO ESTABLISH.

A gift causa mortis may be established by a fair preponderance of the evidence, and it is proper to refuse instructions which require the evidence to be "clear, convincing, strong, and satisfactory," and "the clearest, strongest, and most unequivocal."

Action by Mrs. Gibbs against Carnahan, as executor of the will of Mary A. Rand, deceased, for the conversion of property claimed by plaintiff as a gift causa mortis from decedent. There was a verdict for plaintiff, and defendant moves for a new trial on a case and exceptions. Denied.

E. F. Turk, for plaintiff.
J. S. Havens, for defendant.

RUMSEY, J. The action was for conversion. The property sued for was a black bag containing personal property and securities to the value of $3,600 or upwards. The taking by the defendant, and the value of the property, were not disputed, although upon this argument a suggestion was made that there was no proof that the bag when it was given to the plaintiff contained the articles which it had when the defendant got it; but, as no such question was raised at the trial, it is hardly worth while to wrestle with it here; especially as it appears by the testimony of the defendant that when he took the bag the articles claimed by plaintiff were in it, and its value is admitted by the answer. The plaintiff was the stepmother of Mary A. Rand, of whose last will defendant was the executor. The plaintiff claims that when Mrs. Rand, her daughter, was in her last sickness, and a few days before she died, she gave the plaintiff this bag and its contents. After Mrs. Rand's death the defendant took it, and refused to deliver it on demand. There was undoubtedly sufficient evidence to go to the jury to sustain the plaintiff's claim. Indeed, there was no evidence opposed to it, except the statement of this old and feeble plaintiff, procured by the defendant, and taken down by him, fairly and honestly no doubt, but without advising her of the effect of it, and without asking her anything at all about a delivery of the bag. The remainder of the evidence on the part of the defendant was confined to contradictions of some of the plaintiff's witnesses.

The only questions raised by the defendant here arise upon

exceptions to the refusal of the court to charge several requests. These requests were that the evidence to prove the gift must be clear, convincing, strong, and satisfactory.   Also, as a second request, that the plaintiff must establish the gift by the clearest, strongest, and most unequivocal evidence.   Both these requests were refused, and the jury were told that the plaintiff must prove her case by a fair preponderance of the evidence in the case. The exceptions raise two questions:   First, whether the court gave the jury the true rule as to the proof required;  and, if it did, was it error to refuse to vary it as requested?   It may, I suppose, be now considered as settled, in this state at least, that in civil cases the party upon whom the burden of proof rests performs his obligation by presenting a preponderance of the evidence.   In Seybolt v. Railroad Co., 95 N. Y. 562, Ruger, C. J. says, at page 570, that the only exception ever suggested to the rule was in a case where the party having the burden of proof seeks in a civil action to prove that the other party is guilty of a crime.   What would be the rule in that case the court decline to say, but it is clearly laid down that in every other case a preponderance of evidence is sufficient to establish the disputed fact.   Since then, however, the court has held that, even where a verdict against the defendant would establish that he was guilty of a crime, nothing more was required than a just preponderance of the evidence.   Ferry Co. v. Moore, 102 N. Y. 667, 6 N. E. Rep. 293.   That case has been followed since, and the rule there laid down established.   People v. Briggs, 114 N. Y. 56, 20 N. E. Rep. 820.   The same rule has been frequently laid down in this court.   Johnson v. Insurance Co., 25 Hun, 251;  People v. Briggs, 47 Hun, 266;  Davis v. Railroad Co., 56 Hun, 372, 10 N. Y. Supp. 334.   So that we may assume now that in every civil action the plaintiff can recover, if he proves his case by a preponderance of the evidence.   There is nothing in this class of cases which requires that higher proof should be required than in civil actions where the defendant is accused of a crime or of a fraud. There is no presumption against the gift, nor for it, except that the party alleging it must prove it, and it is error to charge the jury that the presumption is against it.   Lewis v. Merritt, 113 N. Y. 386, 21 N. E. Rep. 141.   The presumption is against a charge that the defendant has committed a crime, or even a fraud; and yet, when in a civil action he is accused of either, the proof may be made only by a preponderance of evidence, as we have seen.   Why, then, should it need higher proof to establish a gift as to which there is no presumption one way or the other?   It is quite true that judges have said that a gift causa mortis must be proved "beyond suspicion," (Grey v. Grey, 47 N. Y. 552,) "by the clearest, strongest, and most unequivocal evidence," (Van Fleet v. McCarn, [Sup.] 2 N. Y. Supp. 675,) and yet a charge which gave such instructions to the jury was held incorrect, (Lewis v. Merritt, 113 N. Y. 386, 21 N. E. Rep. 141.)   The case just cited is an apt illustration of the rule that it is not always well to take particular phrases and sentences from an opinion, and read them

as giving the core of the judgment.   Taylor v. Mayor, 82 N. Y. 17; Southard v. Curley, 134 N. Y. 148, 155, 31 N. E. Rep. 330.   If we leave the plain rule which obtains in other civil cases, and try to establish a special rule for gifts causa mortis, what is the rule? It must be conceded that there is but one rule of law to be given to the jury, and not several different rules for different cases, where the same question is presented.   Now, which is right? Shall the judge tell the jury that it must be established "beyond a reasonable doubt," or "by the clearest evidence," or "by clear and satisfactory evidence," or in any stronger phrase which the in- genuity of counsel may devise hereafter, or may the general rule be given to the jury, leaving it to their good judgment and intel- ligence to apply it to the particular case?   It will be noticed that each of the phrases above used has been applied to these cases. Surely they are not all correct.   If not, then which is the true rule?   The truth is, none of the cases cited by the defendant's counsel attempts to lay down the true rule by which the jury shall be instructed, but only a phrase which expressed strongly the quantum of evidence required in the particular case.   The weight to be given to such expressions is so well considered in the case of Southard v. Curley, 134 N. Y. 148, 31 N. E. Rep. 330, that I need not pursue the subject further.   Each one is, I dare say, accurate if applied to the particular case; but it is to be taken in its connection with that case, and not as laying down a general rule for all cases.   There is nothing in any of the cases which I can find to indicate that the quantum of evidence in this class of cases is different from that required in other civil cases. I conclude that the court gave to the jury the correct rule when it charged that the plaintiff must prove her case by a preponder- ance of evidence.   If the request involved the same proposition, it was not error to refuse to charge it again.   Raymond v. Rich- mond, 88 N. Y. 671.

As to the second request, it was not error to refuse it.   No one, not even the people, in a criminal case, is required to prove his case by "the clearest, strongest, and most unequivocal evidence." Such a rule puts the kind of evidence in the place of the quality required.   It entirely ignores the preponderance.   It compels the plaintiff in each case not only to produce a preponderance of evi- dence but to satisfy each of 12 jurors that there could be no clearer, no stronger, no more unmistakable evidence.   The law imposes no such duty upon any litigant.   So I think it would have been quite likely to mislead the jury to tell them that in any case the evidence to prove it must be clear, convincing, strong, and satisfactory.   It sets up a criterion which the law does not require.   The jury are bound to find for the plaintiff if he pro- duces a preponderance of evidence to prove his case.   If he does that, he is not called upon to satisfy each juror that his evidence is either clear, convincing, strong, or satisfactory; certainly not that it contains all those requirements together.   If there is evi- dence to go to the jury, they are bound to decide according to the preponderance, and it may be quite easy to say where that

is; but if each juror was required as a matter of law to say that the preponderating evidence contained all these other qualities together, no verdict would ever be rendered. No such thing is ever demanded. People v. Briggs, 47 Hun, 266. If it be claimed that the requests were for the purpose of advising the jury as to the nature of the evidence requisite to prove the plaintiff's case, the answer is that it is entirely discretionary with the court whether such instructions shall be given, and how far they shall go. Mann v. Barrows, 14 N. Y. St. Rep. 10. All that parties have a legal right to is that the questions to be decided shall be fairly stated, and the rules of law which control the case plainly set forth. When that is done, the legal duty of the court has been performed, and, although it is very proper for the court, in addition, to advise the jury as to the way in which they shall scrutinize the evidence, the trial judge has a large discretion as to whether that shall be done. If he refuses to do it, no exception lies. When he does do it, his remarks should be merely advisory, (Allis v. Leonard, 58 N. Y. 288, 291;) and many able judges think such charge should never be made. Whether they are ever proper or not, surely the judge cannot be required to make them by counsel, and his refusal to do so is not ground for exception.

The refusal to instruct the jury as to what their verdict should be in case the statement of the plaintiff, or a certain extract from the statement, was true, was properly refused. Rexter v. Starin, 73 N. Y. 601. The jury were told to consider that statement. They took it with them to their room, and what weight they should give to it was for them to say. It is to be noticed that the defendant who drew it does not swear that it contains all that Mrs. Gibbs said to him at the time it was made. But he says he prepared it from statements Mrs. Gibbs made to him at the time. The inference is necessary that he did not take down all her statements. She supposed, no doubt, that he took down all he deemed material, and I have no doubt that he did so, and did so fairly. But the fact of delivery was not spoken of, and Mrs. Gibbs, who knew nothing of its importance, was not asked about it. If she had been, I have no doubt she would have told the truth. The fact of the case was that this old lady of over 80 years went to the defendant to make her claim. She made a statement to him. What it was does not appear. From those statements he prepared a paper. Whether that contained all the statements does not appear. He does not say so. It is quite clear that to submit such a statement, or any extract from it, to the jury for them to decide finally the rights of the parties without considering all the evidence, would be exceedingly unfair and unjust. Dolan v. Canal Co., 71 N. Y. 285. There are no other exceptions which require examination. A new trial must be denied. Motion for a new trial denied.