(6 Misc. Rep. 271.)

### COOK et al. v. DOWLING.

(City Court of Brooklyn, General Term. December 26, 1893.)

GIFTS—BURDEN OF PROOF TO ESTABLISH.

In an action by executors to recover bonds which were in testator's possession about a year before death, but were, at the time of death, in the possession of defendant, who lived with testator, the burden of proof is on plaintiffs to establish their right to possession, as there is no presumption either for or against a gift.

Appeal from trial term.

Action by Stephen G. Cook and John G. Fitzgerald, as executors of Catherine Hackett, deceased, against Sarah Dowling, to recover possession of certain bonds. From a judgment in favor of plaintiffs, defendant appeals. Reversed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Thos. J. Keigharn, for appellant.

Sackett & Lang, for respondents.

CLEMENT, C. J. In the complaint, the plaintiffs allege that Catherine Hackett died on May 15, 1891, and that at the time of her death she was the owner of five United States 4½ per cent. bonds, amounting to $3,600. Plaintiffs further allege that they are now entitled to immediate possession of said bonds, and, on information and belief, set forth that the defendant wrongfully took them into her possession, and refuses to deliver them to plaintiffs, though demand has been duly made. The prayer for relief is in the usual form of an action of replevin. The defendant, in the answer, admits the death of Catherine Hackett, and denies the probate of the will, or that the plaintiffs have duly qualified. She denies that, at the time of her death, the said Catherine Hackett was the owner of the bonds, or that the defendant took or detains them from the plaintiffs, and further sets up that the bonds were her own property. On the trial, testimony was given by one of two plaintiffs tending to show that Mrs. Hackett was in possession of the bonds in question about a year prior to her death, and that the defendant, who lived in the same house, and took care of her, could have stolen the bonds. Both plaintiffs testified that the defendant told them, after her death, that the deceased gave her the bonds about two weeks prior thereto, and also testified that the deceased was in a state of coma for the last four weeks or more of her life. The defendant was called as a witness in her own behalf, and denied that she told the plaintiffs that the bonds were given to her two weeks prior to the death, but stated that she did say that the bonds were given to her two weeks after Mrs. Hackett was taken sick, at which time it was conceded that she was mentally able to transact business. The defendant ineffectually attempted to prove a gift, as her testimony was excluded, except the following:

"Q. How long did you have the bonds in your possession before you sold them? A. She gave me the bonds. The Court: How long did you have them in your possession before you sold them? Mention the time. A.

About six weeks; about that. Q. Did you sell those bonds before the de-. ceased died? A. Yes, sir."

The two executors called as witnesses were interested in the result of the action. The learned trial judge charged the jury that the burden of proof was on the defendant to establish that her possession of the bonds was lawful and just. We are of opinion that the charge, as given, was erroneous, and that the burden of proof, on the whole case, was on the plaintiffs to establish their right of possession. A presumption of law can be drawn by the court, while a presumption of fact can only be made by the jury; and it frequently happens in opinions that the one may be confounded with the other, and, in the discussion of cases, the term "burden of proof" is used when the writer intended simply to say "presumption of fact," and it is not surprising that a trial judge, in the hurry of business, is sometimes misled by an authority which he literally follows, while, on a careful examination afterwards, it appears that the judge who wrote the opinion used general language. Judge Parker, in the case of Southard v. Curley, 134 N. Y. 148, 155, 31 N. E. 330, quotes with approval, on this point, from a case in Michigan:

"It must always be remembered that general language, in legal discussions, is to be construed with its surroundings, and cannot be dealt with in the abstract."

A very able opinion in point, by Judge Rumsey, at special term, has recently been reported, (Gibbs v. Carnahan, [Sup.] 25 N. Y. Supp. 786,) in a case in some respects like the one before us, except that the party setting up the gift brought the action against the executors for conversion, and therefore plaintiff had the burden to establish such gift. There is no presumption of law in favor of a gift, (Grey v. Grey, 47 N. Y. 552,) and it is error to charge a jury that there is a presumption of law against a gift donatio causa mortis. Lewis v. Merritt, 113 N. Y. 386, 21 N. E. 141; Devlin v. Bank, 125 N. Y. 756, 26 N. E. 744. In this case, there was proof that Mrs. Hackett had possession of the bonds about a year before her decease, and there was also proof that the defendant had possession of the bonds prior to her death. Possession of personal property is evidence of ownership, and the possession by defendant was as strong evidence of ownership by her as the possession by Mrs. Hackett that she owned the property at the time of her death. The plaintiffs, by their recovery in this action, establish that the defendant was guilty of fraud, and perhaps of grand larceny. In a civil action, where a party is charged with the commission of a crime or of fraud, there is a presumption of innocence. Shultz v. Hoagland, 85 N. Y. 465; Blatz v. Rohrbach, 116 N. Y. 450, 22 N. E. 1049; Starr v. Peck, 1 Hill, 270; Slocovich v. Insurance Co., 108 N. Y. 56, 66, 14 N. E. 802; Morris v. Talcott, 96 N. Y. 100, 107. The defendant was presumed to be innocent, and it was incumbent on the plaintiffs to establish, by a fair preponderance of evidence, that the bonds were wrongfully taken and detained by the defendant, as alleged in the complaint. Griffin v. Railroad Co., 101 N. Y. 348, 354, 4 N. E. 740. For the reasons

before stated, the judgment and order appealed from must be reversed, and a new trial granted, with costs to the appellant to abide the event.