(20 Misc. Rep. 254.)

## REYNOLDS et al. v. REYNOLDS et al.

(Supreme Court, Trial Term, Albany County. March, 1897.)

1. DEPOSITIONS—WAIVER OF IRREGULARITIES.
   All objections to the regularity of a deposition are waived by failure to move before trial to suppress it.

2. SAME—COMPETENCY OF EVIDENCE.
   Testimony contained in a deposition will not be excluded merely because it was not responsive to the questions.

3. GIFTS CAUSA MORTIS—APPREHENSION OF DEATH—STATEMENT BY DONEE.
   A claim under an alleged gift causa mortis cannot be defeated by statements made by the donee that the donor did not know that she was going to die, where the attending physician had informed the donor that she was going to die, and she had said that she did not think she would get well.

**4. SAME—DELIVERY—SAVINGS BANK BOOK.**

There was an effectual delivery of a savings bank pass book, so as to constitute a valid gift causa mortis, where the donor, a few hours before her death, gave the donee her keys, stating that she wished the donee to have everything, and the donee, in the presence of the donor, unlocked her trunk, and took therefrom a tin box containing the pass book, and carried it from the room.

**5. SAME—PRESUMPTIONS.**

There is no presumption either in favor of or against a gift causa mortis, though great care will be exercised to prevent fraud.

Action by Sarah Reynolds and Clarence N. Reynolds against Louis H. Reynolds and Eliza Brewer, as administrators of Frances E. Conant, deceased, impleaded with the Albany Savings Bank, to recover money on deposit in said bank in the name of said Frances E. Conant, plaintiffs claiming that they were the owners of the deposit by a gift causa mortis from said Frances E. Conant.   Judgment for plaintiffs.

Henry A. Peckham, for plaintiffs.
Louis H. Reynolds and H. V. Borst, for defendants.

CHASE, J.   Frances E. Conant, a resident of Valatie, N. Y., died at Malden, Mass., on the 3d day of May, 1896.   She was an unmarried woman, and her nearest relative and only next of kin was an aunt, Eliza R. Brewer, residing at Dallas, Tex.   The plaintiff Clarence N. Reynolds was a relative of deceased, though not a next of kin, and the plaintiff Sarah W. Reynolds was and is the wife of the plaintiff Clarence N. Reynolds, and they reside at Malden, Mass.   The plaintiff Clarence N. Reynolds, when a child, lived for some years with Frances E. Conant, in the family of her mother.   Frances E. Conant, prior to her death, had, among other property, a deposit in the Albany Savings Bank, represented by a bank book in her possession. She went to visit relatives in Massachusetts, and while at Malden, visiting the plaintiffs, was taken with pneumonia, and was seriously sick for some days, and died, as stated.   On the morning of the day she died, and while she was very sick, and not able to get out of bed, she stated to her nurse that she was afraid she would never get well, because she could not raise the phlegm in her throat.   About 8 o'clock that morning, she was told by her physician that she could not live. The testimony in regard to the gift was given by Mary W. Harris, the nurse, and is as follows:

"The conversation occurred about 9 o'clock in the morning of May 3d, the day Miss Conant died.   I was standing at the bed, about to give her some medicine, and she wanted to find some keys.   I helped her to look for them, but she found them first under the pillow.   The keys were small keys, like trunk keys.   She gave me the keys, and asked me to pass them to Mrs. Sadie Reynolds, who was standing at the foot of the bed.   Miss Conant said that she wanted for Mrs. Sadie Reynolds and her husband, Clarence, to have everything.   I passed the keys over to Mrs. Reynolds, who took them, and went out of the room.   Before she went out, she took the little tin trunk containing two bank books, and Miss Conant saw her take the little trunk or box."

At the time of this statement and transaction there was a trunk in the room occupied by Frances E. Conant, and the plaintiff Sarah Reynolds took the keys, unlocked the trunk, and took from the trunk, in the presence of Frances E. Conant, a tin box, which was inside of

the trunk.    The key to the tin box was on the bunch of keys so given to her.    She took possession of the tin box, in the presence of Miss Conant, and carried it downstairs, and has had the tin box in her possession to this time.    The tin box was unlocked with one of the keys, and in the box was the bank book in question.    Such bank book remained in the possession of the plaintiff Sarah Reynolds from the time of the transaction mentioned to the trial of this action.    Miss Conant died about 1:30 p. m. on the day of the alleged gift.

The testimony of the nurse was taken by commission in the state of Massachusetts.    Defendants objected to the testimony taken by commission, on the grounds that it had not been taken as required by law; that it was incompetent and immaterial; and that the same had been taken after a stay granted by the supreme court; and also that notice had not been given the defendants, as required by the Code of Civil Procedure.    Defendants, having neglected to make a motion before trial to suppress the deposition, must be deemed to have waived all objections relating to its regularity.    Becker v. Winne, 7 Hun, 458; Wright v. Cabot, 15 Wkly. Dig. 357; Vilmar v. Schall, 61 N. Y. 564.    Objection was also made to some of the testimony read from the deposition on the ground that the same was not responsive to the interrogatories submitted.    The testimony so objected to was, however, admissible on the authority of Fassin v. Hubbard, 55 N. Y. 465.

Defendants seek to contradict the claim of the plaintiffs, by showing that they (the plaintiffs) have each made statements to the effect that Miss Conant did not know that she was going to die.    These statements do not purport to be based on any words or act of Miss Conant, but were evidently made by the plaintiffs, based upon their personal opinion of Miss Conant's condition.    They cannot be construed as a contradiction of the positive testimony of the nurse that Miss Conant was told by her physician, about an hour before the alleged gift, that she could not live, and that she had personally stated that she was afraid that she would not get well.    The defendants also seek to contradict the testimony given on behalf of plaintiffs, by proving statements claimed to be inconsistent with their present claim.    These statements were explained by showing that the plaintiff Clarence did not know of the contents of the tin box, and also by showing that neither of the plaintiffs knew whether the delivery of the tin box constituted a valid legal gift of its contents. The witness Mary H. Harris was a trained nurse, and only came to the house of the plaintiffs the day before the transaction in question. At the time the deposition was taken, she was a patient at Collis Consumptive Home, near Boston, being a home for consumptives who are incurable.    She was a disinterested witness.    There is nothing in the testimony or surrounding circumstances to discredit the evidence of this witness.    I am of the opinion that the testimony of Miss Harris is true, and that, if the words and acts mentioned constitute a legal gift of the bank book in question, the plaintiffs are entitled to recover.    The delivery of a savings bank deposit book, with the intention of transferring title to the deposit represented by such book, is sufficient to constitute a valid gift.    Ridden v. Thrall,

125 N. Y. 572, 26 N. E. 627; 8 Am. & Eng. Enc. Law, p. 1324. To make a valid gift causa mortis, it is necessary (1) that donor have mental capacity to make the gift; (2) that donor make the gift in apprehension of death; (3) that donor intend to make the gift; (4) delivery by the donor, and acceptance by the donee; (5) continued change of possession or control; (6) death of the donor as apprehended. There is no presumption of law either in favor of or against such a gift. By reason of the fact that there is some opportunity for fraud in cases of this kind, great care should be exercised by the courts to see that no wrong is done or fraud perpetrated. The necessity for care, however, does not change general rules applicable to civil cases; and when the gift is a natural one, and the evidence is reasonable and probable, and the several steps to establish the gift causa mortis are established by a fair preponderance of evidence, the donee is entitled to the decision or verdict. Lewis v. Merritt, 113 N. Y. 386, 21 N. E. 141; Gibbs v. Carnahan, 4 Misc. Rep. 564, 25 N. Y. Supp. 786; Southard v. Curley, 134 N. Y. 148, 31 N. E. 330.

The mental capacity of Miss Conant is not questioned. She apprehended death at the time of the alleged gift, and died a little more than three hours thereafter. As a result of what was said, the plaintiff Sarah took the bunch of keys, including the key to the trunk then in the room and the key to the tin box which was in the trunk. She unlocked and opened the trunk, took the tin box from the trunk with its contents, including the bank book in question, and carried it from the room, and has had it in her possession and control ever since. This was a complete delivery. I conclude, therefore, that, if Miss Conant intended to give the plaintiffs the bank book in question, every element of a gift causa mortis has been clearly and satisfactorily proven. In the determination of this question, we must not only give to words their natural meaning, but we must accept legitimate and necessary conclusions from the acts of the parties. Miss Conant directed the delivery of the keys to Mrs. Reynolds. This direction was deliberately made, without suggestion from any one, and was unquestionably made for some purpose. What was the purpose? It is answered by the statement that accompanied the delivery of the keys, namely, "that she wanted for Mrs. Sadie Reynolds and her husband, Clarence, to have everything." The plaintiffs' proof does not stop here, but it appears that one of the keys fitted the decedent's trunk then in the room, and another the tin box in the trunk. The trunk was unlocked, and the tin box removed and carried away, in the presence and with the knowledge of Miss Conant. The bank book thus passed into the possession of the plaintiffs, and out of the possession and control of Miss Conant. These words and acts are inconsistent with any conclusion except that Miss Conant intended Mrs. Reynolds and her husband, Clarence, should have the money represented by the bank books in the tin box. The defendants cannot complain if the delivery did not include everything belonging to Miss Conant. The gift was complete to the extent of the delivery. The defendants refer to the case of In re Somerville (Surr.) 20 N. Y. Supp. 76, as an authority against the plaintiffs' contention herein. In the Somerville Case, keys were given, and at the same time the

·decedent stated "that everything was to be his." There was no proof in that case of any delivery or change of possession, neither was there any proof that the keys in any way related to the property of the decedent, or to any box, trunk, or place where the same was kept. I agree with the conclusion of the learned surrogate, in the Somerville Case, but the facts in that case are far from being the same, or even similar to the facts in the case now before me.

The plaintiffs are entitled to a judgment declaring that they are the owners of the deposit represented by the bank book in question, and directing that the same be paid to them, with costs.