John Martin Layman, Appellant, *v.* John Anderson & Co., Respondent.

*Parol agreement made previous to a written one upon the same subject — it need not be established by clear and satisfactory evidence — a preponderance of proof is sufficient — presumption that it was made understandingly — duty to explain why it was not referred to in the written instrument — acts claimed to be in part performance of the parol agreement.*

Where proof of a parol agreement, made prior to a written agreement upon the same subject, is admissible, its existence need only be proved by a preponderance of evidence, and it is, therefore, erroneous for the court to charge the jury that it must be established by clear and satisfactory proof.

Where the making of such parol agreement has been established, the presumption is that the parties understood it, and the burden rests on the party denying the existence of such an agreement to rebut such presumption.

The party asserting the existence of such parol agreement is not bound to give a *satisfactory* reason why it was not included or referred to in the written agreement, or to clearly show that acts of the adverse party, relied upon as a part performance of such parol agreement, were intelligently done with the intent of carrying the parol agreement into effect.

Reargument ordered by the Appellate Division of the Supreme Court of an appeal by the plaintiff, John Martin Layman, from an order of the Supreme Court, made at the New York Circuit and entered in the office of the clerk of the county of New York on the 28th day of October, 1895, setting aside the verdict of a jury in favor of the plaintiff for $15,000, and granting a new trial.

*Edward C. James*, for the appellant.

*John M. Scribner*, for the respondent.

Williams, J.:

We have considered and passed upon the question whether the verdict was against the evidence (4 App. Div. 124), and without further discussion of that question we adhere to the conclusion there arrived at, that the trial judge was not authorized to set aside the verdict and order a new trial for that reason.

We have not, however, determined the questions arising upon the exceptions taken during the trial, and these we are now called upon to consider. In order to appreciate these questions we need to recall

briefly some of the facts and to have in mind the real issue sub-mitted to the jury for their determination. February 8, 1890, the plaintiff and defendant entered into a written contract, wherein the plaintiff, in consideration of $35,000 in stock of the defendant at par, agreed to sell and transfer to the defendant the John Anderson tobacco business, so called, including the good will, trade marks, property and material on hand, and the defendant agreed to pay the plaintiff such consideration. John C. Anderson, who had an interest in the business and property, was made a party to the con-tract, and in consideration of $11,000 of the $35,000 to be paid to him, consented to the sale and transfer, and released all his interest in the business and property. Pursuant to this agreement the defendant took possession of the business and property and issued the $35,000 of stock, the certificates being in the name of the plain-tiff. The plaintiff indorsed all these certificates for the purpose of the transfer thereof, and left them with the defendant. The defendant paid for $20,000 of the stock, but has never paid for the remaining $15,000, and to recover this amount the present action was brought.

The defense alleged was that the defendant held the $15,000 worth of this stock under a parol agreement that this part of the consideration expressed in the written agreement should be turned over by the plaintiff to the defendant to be used for its sole benefit. The plaintiff disputed this defense, and the whole controversy at the trial, so far as the facts were concerned, was over the ques-tion whether this parol agreement was made and the stock turned over pursuant thereto. The defendant had the burden of proof upon this issue of fact, and gave a good deal of evidence to support its defense. The plaintiff gave such evidence in reply as carried the case to the jury, and, as we have held, properly so. The ver-dict was not, however, satisfactory to the trial judge, and he set it aside for that reason. We held that this was erroneously done, at the same time saying we would have been better satisfied had the verdict been the other way.

This condition of the case requires us to examine the record care-fully with a view of determining correctly whether the result arrived at was due to any improper instruction given by the court on the submission of the case to the jury. At the request of the plaintiff the court charged :

" 5. In a case where evidence of the previous agreement not contained in the writing is admissible, the burden is upon the defendant to establish by clear and satisfactory evidence the alleged verbal agreement, and also to prove that it was fully understood and agreed to by the plaintiff.

" 6. In addition to the requirements above stated, some satisfactory reason should be shown why it was not included or referred to in the written instrument."

" 8. Acts alleged to be part performance of a previous verbal agreement must be clearly shown to have been done by the party charged therewith, intelligently and with the intent and for the purpose of carrying the previous verbal agreement into effect."

Defendant duly excepted separately to each of these instructions.

While it is true that the defendant had the burden of proof as to this issue of fact, that burden would be met, and the defendant be entitled to a verdict, if the jury found there was a preponderance of evidence in its favor. It was not necessary that the jury should regard the evidence as clear and satisfactory. (*Gibbs* v. *Carnahan*, 4 Misc. Rep. 564; affd., 77 Hun, 607; 149 N. Y. 567, and the cases there cited.) It was, therefore, improper for the court to instruct the jury that the burden was upon the defendant to establish the making of this agreement by clear and satisfactory evidence. The defendant was entitled to a verdict if it established the agreement by a preponderance of evidence, even though not regarded by the jury as clear and satisfactory. The rule being a plain, simple one of preponderance of evidence, the jury would naturally be misled to defendant's prejudice by setting up this further rule as to the quality of the evidence necessary to enable them to render a verdict for the defendant. The court went further than this and charged that the defendant having proved the making of the parol agreement by clear and satisfactory evidence, must *also* prove that the plaintiff fully understood and agreed to it. This was clearly erroneous. The defendant fully met the burden imposed upon it when it proved the making of the agreement. The presumption would then be that the plaintiff understood and agreed to it. If the contrary was claimed, the burden was upon the plaintiff to give proof on that subject. The defendant was under no obligation to offer proof of plaintiff's understanding in the first

instance. Nor was it proper for the court to instruct the jury that, in addition to the requirements that have been referred to by us, the defendant should give some satisfactory reason why the parol agreement was not included or referred to in the written agreement. This was equivalent to telling the jury that this particular kind of evidence was essential to enable them to render a verdict for the defendant. There can be no such rule as this. While it would be entirely proper to charge the jury that the failure to make this proof might be considered by them in weighing the evidence in the case, the court could not instruct the jury that in order to meet the burden imposed upon it the defendant was bound to make this kind of a proof. This is practically what the court did, and what the jury would naturally understand from the request made and charged. By charging the 8th request, the court also imposed an improper burden upon the defendant by requiring acts alleged as constituting part performance of the verbal agreement to be *clearly* shown to have been done by the plaintiff intelligently, etc. The defendant could not be called upon, in addition to showing the performance of the acts, from which an inference of intent might be drawn by the jury, to show *clearly* the intelligence of the plaintiff in so acting. In all these various respects the court was asked to, and did, give the jury instructions as to the proof required to establish this parol agreement and the performance thereof, which imposed burdens upon the defendant beyond what the law fairly required of it, that is, to establish the facts to the satisfaction of the jury by a fair preponderance of evidence.

The verdict rendered by the jury may well be regarded as the result of such improper instructions. The learned judge had correctly stated to the jury what their duty was under the circumstances as to the burden of proof. Not content with this, the plaintiff sought to superadd what is embraced within these instructions. He necessarily did that in order to gain an additional and improper advantage in the jury's final debate upon the case. These requests were in the nature of a final argument addressed to the jury, which they took with them at the close of the case and after the colloquial charge had been given. The object was to impress that argumentative position of the plaintiff upon the jury and to give it the effect of a distinct judicial utterance. It undoubtedly had the effect which

he sought for it. It is impossible, under such circumstances, to say that the defendant was not prejudiced by such specific and carefully formulated instructions merely because the original charge contained correct instructions upon the subject. The later instructions defined, illustrated and colored the judge's colloquial statement. They told the jury, in effect, that that was what the judge meant by his original observations, and that their real duty was crystallized in these specific instructions. Thus the jury retired impressed by final instructions which were clearly erroneous and which almost necessitated the verdict which followed. We are bound to assume that the jury acted upon these final instructions, and that the verdict which followed resulted therefrom. The errors we have pointed out were sufficient to require the verdict to be set aside and a new trial directed.

We think, therefore, the order appealed from should be affirmed. We have examined all the questions raised by the exceptions in the case, but do not deem it necessary to express an opinion as to any except those herein discussed.

VAN BRUNT, P. J., BARRETT, RUMSEY and PATTERSON, JJ., concurred.

Order affirmed, with costs to respondents to abide event.