MAUDE V. GILKINSON, Respondent, *v.* THE THIRD AVENUE RAILROAD COMPANY, Defendant, and JAMES S. DUFFY, as Executor, etc., of THOMAS F. WARD, Deceased, Appellant.

*Gift* inter vivos — *essentials of* — *placing certificates of stock in a safe deposit box, one key of which is given to the alleged donee* — *effect of a delivery of certificates of stock without an assignment.*

The essential conditions of a gift *inter vivos* are an intention to give and a delivery of the subject of the gift with a renunciation by the donor of dominion and control over it.

Evidence that one who had assumed a paternal relation toward an orphan girl, and who had declared an intention to provide for her after his decease, took her to a trust company, rented a deposit box in their joint names and placed therein certain certificates of stock, giving her one key to the box, in which she put other property belonging to her, and retaining one himself; that thereafter, on the same day, he stated to the girl's aunt that he had bought a box

for her and given her the stock, and that for the period of two months during which he survived the transaction he left the certificates under the girl's control in the box where they were found after his death, his own securities being kept in another box, is sufficient to establish a gift *inter vivos* of the stock, although some of the elements of the gift were shown only by the testimony of the donee's aunt.

The fact that the donor did not assign the certificates of stock to the donee, nor impart power to her to have them transferred upon the books of the company, does not render the gift inchoate, as the title to the stock passed by the mere delivery of the certificates and as equity had jurisdiction to compel a transfer on the books of the company.

APPEAL by the defendant, James S. Duffy, as executor, etc., of Thomas F. Ward, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 12th day of October, 1899, upon the report of a referee.

This appeal was transferred from the first department to the second department.

*John R. Kuhn,* for the appellant.

*James A. Patrick,* for the respondent.

Judgment affirmed, with costs, on the opinion of the referee.

All concurred.

The following is the opinion of the referee:

ROGER A. PRYOR, Referee:

The action involves the validity of an alleged gift *inter vivos* of corporate stock by the decedent to the plaintiff.

The essential conditions of such a gift are: An intention to give and a delivery of the subject with a renunciation by the donor of dominion and control over it. (*Beaver* v. *Beaver,* 117 N. Y. 421.)

The defendant, executor, challenges the sufficiency of the evidence to establish a gift, and his contention proceeds upon the rigor of the rule applicable to proof of a *donatio causa mortis.* But the rule is peculiar to that class of cases, being in part a tradition from the civil law, and in part an expedient to supply the absence of the

statutory safeguards in a testamentary disposition. (*Fiero* v. *Fiero*, 5 T. & C. 151; *Harris* v. *Clark*, 3 N. Y. 93, 121; *Matter of Manhardt*, 17 App. Div. 1, 7; *Grey* v. *Grey*, 47 N. Y. 552, 556; *Grymes* v. *Hone*, 49 id. 17, 23; *Devlin* v. *Greenwich Savings Bank*, 125 id. 756, 757.)

Still the proof of a gift *inter vivos* must be clear and satisfactory. (*Tilford* v. *Bank for Savings*, 31 App. Div. 565, 566; *Matter of Rogers*, 10 id. 593, 594.)

Upon the uncontroverted evidence these facts are apparent : That the alleged donor was a Catholic priest; that the plaintiff attended a school of his parish; that he was an intimate friend of her father, that by the death of her father she became an orphan; that thereupon the donor assumed towards her a relation of paternal protection; that he visited her habitually and familiarly, that he corresponded with her in terms of tender endearment; that he assisted in her education; that he defrayed the expenses of her summer vacations; that he ministered to her welfare by supplies of money; that he declared his purpose to make provision for her comfortable support after his decease.

Such being the disposition and intention of the donor towards the plaintiff, on the 1st of September, 1898, he took her, then an adult, to the Brooklyn City Trust Company, procured a deposit box, placed in it the stock certificates in controversy, and handed her a key to the box in which she put other of her property. The donor kept his own securities in another box. Thereafter, on the same day, plaintiff's aunt called upon the donor at his house to thank him for his benefaction to her niece. He told her that he had bought a box for the plaintiff, asked if she got home all right with the key, said that he had given her the stock, and remarked that "the little one is independent of everybody now, she has got enough to take care of her."

The donor having died suddenly on the 21st of October, 1898, the plaintiff took the certificates from the box on the twenty-fifth, and has had possession of them ever since.

Upon the facts recited the defendant probably would not question the validity of the gift. The intention to give is incontestable; and as the delivery must be *secundum subjectam materiam*, a delivery of the certificates of stock was a delivery of the incorporeal interest

they represent.   (*Fulton* v. *Fulton*, 48 Barb. 581, 591 ; *Allerton* v. *Lang*, 10 Bosw. 362 ; *Beaver* v. *Beaver*, 117 N. Y. 421.)

Since it suffices to effectuate a gift that it be placed in the power of the donee " by delivery of the means of obtaining possession," the delivery of the key of the box was a delivery of the certificates. (*Curry* v. *Powers*, 70 N. Y. 212, 215 ; *Reynolds* v. *Reynolds*, 20 Misc. Rep. 254 ; *Walsh* v. *Sexton*, 55 Barb. 251.)

The proof of the delivery is sufficient.   (*Rix* v. *Hunt*, 16 App. Div. 540, 546.)

But the defendant affirms of some of the facts recited that they are not sufficiently proved, because shown only by the testimony of the plaintiff's aunt.   True, it has been held, against the vigorous dissent of VAN BRUNT, P. J., that a gift *causa mortis* is not established by the evidence of a wife alone (*Matter of Farian's Accounting*, 31 Abb. N. C. 159), but the decision proceeded upon the peculiarities of the conjugal relation, and is inapplicable to the present case.

In addition to the facts stated above, it was conceded that the deposit box was taken in the joint names of the donor and donee, and that each retained a key; and from this fact the defendant argues that the donor did not so part with the " dominion and control " of the subject as to render the gift effectual.   In *Mercantile Deposit Co.* v. *Huntington* (89 Hun, 465, 468) it was held that the joint ownership of a box indicated nothing as to the ownership of the contents, and that all that could be inferred from the fact was " the intention of these parties that either might qualify herself to have access to the compartment box."   But " a total exclusion of the power or means of resuming possession by the donor, is not necessary " to the validity of a gift.   (*Cooper* v. *Burr*, 45 Barb. 9.)

The only significance of the joint ownership and the common keys is as an indication of the intention of the donor ; and to assert, in the face of his explicit declaration of a gift to the plaintiff, that he meant all the while to retain the property himself, is to accuse the worthy priest of a wanton and cruel fraud on his confiding friend.   Moreover, it is a circumstance of a persuasive import against any inference of an intention on the part of the donor to retain dominion and control of the gift, that although he survived the deposit of the certificates for a period of nearly two months, he

left them as he had placed them in the box secured for their safe-keeping, and with the means furnished to the plaintiff of taking them into her personal custody. " The fact that the notes were left by the donor * * * where the beneficiaries might take them after his death, was convincing proof that he did not change his mind ; and no further formality, to complete the gift, was necessary." (*Fulton* v. *Fulton*, 48 Barb. 582.)

Granting all this, however, it is still the contention of the defendant that, as the certificates were not assigned nor power imparted to transfer them on the books of the company, the gift was inchoate merely, and so will not be consummated by the judgment of the court. Undoubtedly equity will not interfere to perfect an incomplete gift ; but the argument is fallacious in the assumption that the gift was incomplete. " The general rule * * * is that any delivery of property which transfers * * * either the legal or equitable title, is sufficient to effectuate a gift ; and hence it has been held that the mere delivery of * * * certificates of stock is sufficient to effectuate a gift." (*Ridden* v. *Thrall*, 125 N. Y. 572, 577.)

That title to the stock passed by the mere delivery of the certificates, without a written assignment or power to transfer, was expressly adjudged in *Walsh* v. *Sexton* (55 Barb. 251) ; *Westerlo* v. *De Witt* (36 N. Y. 340, 345) ; *Allerton* v. *Lang* (10 Bosw. 362) ; *Hackney* v. *Vrooman* (62 Barb. 650, 670) ; and this whether the gift be *casua mortis* or *inter vivos*. (*Hackney* v. *Vrooman, supra ; Bradley* v. *Hunt*, 23 Am. Dec. 604, note.)

The gift being complete, equity has jurisdiction as against both defendants to compel a transfer on the books of the company. (*Cushman* v. *Thayer, etc., Company*, 76 N. Y. 365 ; *Grymes* v. *Hone*, 49 id. 17, 22, 23.)

Judgment for plaintiff in conformity with the prayer of the complaint.