## WHITE and CLINE *vs.* WILLIAMS.

The defendant agreed to sell and convey to W. and C. a lot of land, twenty-six feet six inches in width, being in depth on C. street one hundred and twenty feet "*to and including the stable on the rear of the premises.*" The defendant executed and delivered a deed for the lot, describing it as one hundred and twenty feet in depth, but making no mention of the stable. There was a stable on the rear of the premises, built by a former owner, situated partly upon the said lot, but eleven feet and ten inches thereof were located on the rear of another lot belonging to the defendant. Both parties acted in the erroneous belief that the one hundred and twenty feet so conveyed included the stable, and neither knew that any portion of it was located upon another lot. *Held* that this was not a case for the equitable interposition of the court to

reform the deed, so as to make it conform, as to the dimensions of the prem-
ises, to the previous agreement between the parties. INGRAHAM. J. dissented.
A court of equity never grants that relief, except when the mistake is very
plain, and operates contrary to the intention of the parties. *Per* CLERKE, J.

APPEAL by the defendant from a judgment ordered at
a special term, on a trial before a justice of the court
without a jury.

On the 26th day of August, 1863, Philip White and John
H. Williams entered into an agreement by which Williams
agreed to sell to White and one Samuel Cline, the house and
premises No. 26 Rutgers Place, in the city of New York, and
described in said agreement as "situated on the corner of
Rutgers Place (Monroe street) and Clinton street, fronting
on Rutgers Place twenty-six feet and six inches, and being
in depth on Clinton street one hundred and twenty feet to
and including the stable situated on the rear of said premises,
together," &c. for the price or sum of $12,250, &c. On the
12th of September, 1863, Williams and his wife executed
and delivered a deed in which the premises were described as
being twenty-six feet six inches in width, front and rear, and
as being 120 feet in depth, but no .reference was had to the
stable, in the description in the deed. On the same day the
grantees took possession of the premises, including the stable,
and have occupied and used the same ever since. In the
winter of 1865, White discovered that the lot from the front
line on Rutgers Place, "to and including the stable," was
131 feet and ten inches in depth. He thereupon demanded
that Williams should execute a deed of the premises so that
the description therein should conform to the description in
the agreement, which Williams refused to do. This suit was
commenced to compel the execution and delivery of a deed
that should conform to the agreement. Samuel Cline, by
several mesne assignments, had conveyed his interest in the
contract of purchase to the plaintiff Augusta Cline.

The court decided as a matter of fact, that the defendant, in
and by said agreement, agreed to convey to the plaintiff to

the rear of said stable, being to the depth from the front to rear one hundred and thirty-one feet ten inches on Clinton street, and on the westerly side one hundred and thirty-one feet ten and a quarter inches ; and that the said deed of the defendant to the plaintiff was executed and accepted in the mutual belief that the same conveyed the whole of the ground on which said stable stands ; (the defendant excepted to the decision of said justice, that he believed that said deed conveyed any land other than as described in said deed.) And as a conclusion of law the said justice decided that the deed so executed by the defendant should be reformed so as to include the dimensions to the rear of said stable, or that he should execute another deed to the plaintiff for the land under said stable, not embraced in said deed heretofore executed by the defendant ; to which conclusion of law the defendant excepted.

*Francis Byrne,* for the appellant.

*S. Tuttle,* for the respondent.

LEONARD, J.  The defendant agreed to sell and convey to White and Cline a dwelling house and lot of land known as number 26 Rutgers Place, being the same premises conveyed to the defendant by Moller, situated on the corner of Rutgers Place and Clinton street, fronting on Rutgers Place twenty-six feet six inches, being in depth on Clinton street 120 feet, "*to and including the stable on the rear of the premises.*" The defendant executed and delivered a deed for the premises, describing it as 120 feet in depth ; but making no mention of the stable.  There was a stable on the rear of the premises, built by a former owner, situated partly upon the 120 feet so mentioned, but eleven feet and ten inches of the stable were located on the rear of the lot abutting on the premises so conveyed, which also belonged to the defendant. Both parties acted in the full belief that the 120 feet so con-

veyed, included the stable, and neither party knew that any portion of it was located upon another lot. Neither party discovered the error until the lapse of several months from the time of the conveyance; but the plaintiffs were in the possession of the stable from the time of the conveyance, in the belief that the whole of it was located on the land so conveyed.

The plaintiff White testified that the defendant said that the stable was on the lot sold. The defendant does not deny this; he, as well as White, having been a witness at the trial; but he testifies that he believed the stable was on the 120 feet; and that he was not aware of the mistake until Mr. White had the lot surveyed; when it was discovered that the stable encroached on his lot in the rear; that he never intended to sell any more than the 120 feet. This evidence was not in any manner contradicted. It fully established the fact that both parties acted in the erroneous belief that the whole of the stable was upon the 120 feet of land conveyed.

The judge found that the defendant delivered and the purchasers accepted the deed in the mutual belief that it conveyed the whole of the stable, and the whole of the ground on which it stood. This may be the fact; but it is not inconsistent with the further fact that such belief was a mistaken one. There is not the slightest pretense of fraud or deceit on the part of the defendant. I am entirely satisfied that both parties acted in ignorance of the fact that the stable was not wholly on the 120 feet conveyed, and in the belief that it was wholly on the said lot described in the deed.

The judgment should be reversed, and a new trial directed, with costs to abide the event.

CLERKE, J. When there is any dispute as to the quantity of land conveyed, no doubt, both course and distance must give way to natural or artificial monuments or objects, and

courses must be varied and distances lengthened or shortened so as to conform to the natural or ascertained objects or bounds called for by the grant. Consequently, if the deed executed by Williams to White & Cline contained the same description as that in the preceding agreement between these parties, and the former commenced an action of ejectment against the latter for the purpose of dispossessing them of the eleven feet and ten inches in excess of the one hundred and twenty feet, the above mentioned principle would apply ; and he would be defeated.   But this is an action in effect to reform a deed, on the ground that it does not conform, as to the dimensions of the premises, to the previous agreement between the parties ; which agreement, both alike admit, was erroneous, so far as it gave the idea that the stable was situated on the quantity of land intended to be conveyed.   It is not pretended that White & Cline supposed that they were purchasing more than 120 feet of the premises, in depth ; but, because both parties erroneously supposed that the stable was situated on these 120 feet, they demand that the deed should be reformed, so as to conform to this mistake. This is an application for the equitable interposition of the court ; but, a court of equity never grants the relief required in this case, except when the mistake is very plain, and operates contrary to the intention of the parties.

It is evident that White never thought that he was buying more than 120 feet of land ; indeed long after the execution of the deed, he entered into a negotiation with the defendants purchase the additional eleven feet and ten inches ; the negotiation failed merely because he objected to the price which the defendant asked.   In my opinion, instead of being equitable, it would be inequitable to compel the defendant to alter the description in this deed.   I concur, therefore, with Mr. Justice LEONARD in thinking that the judgment should be reversed.

INGRAHAM, J. (dissenting.)   This action was brought to compel the defendant to deliver a new deed in compliance

with the terms of sale, upon the ground that there was an error in the description of the premises, and claiming that the deed should be reformed.

The agreement described the property as in depth on Clinton street, 120 feet, to and including the stable situated on the rear of the said premises, &c. The deed as given described the premises as "running northerly along the line of Clinton street 120 feet," &c. but omitted the words " including the stable situated on the rear of said premises," as contained in the agreement. The judge found for the plaintiffs, and directed the defendant to execute a new deed conveying, in addition to the former deed, the piece of ground on which the stable stood, being eleven feet ten inches on Clinton street adjoining the former lot.

The contract would have been fully performed by executing a conveyance in the words of the contract, describing the premises intended to be conveyed as they are described therein. The plaintiffs did not purchase by dimensions 131 feet 10 inches, but 120 feet ; but they did agree to purchase a lot of ground 120 feet on Clinton street to and including the stable in the rear of the lot sold. The evidence shows clearly that it was the intent of both plaintiffs and defendant that the stable should pass by the conveyance, and that both supposed the stable stood upon the 120 feet.

There was no fraud committed or intended, but a clear mistake on both sides, and this question must be decided as if the words in the agreement had been inserted afterwards in the deed. If the deed had been so executed, the real question then arises, what would pass under the deed to the plaintiffs ?

The rule governing such cases is thus stated by the Chancellor, in *Wardell* v. *The People*, (8 *Wend.* 183, 190.) Both courses and distances must give way to natural or artificial monuments or objects, and courses must be varied and distances lengthened or shortened so as to conform to the natural or ascertained objects or bounds called for by the grant.

And in *Van Wyck* v. *Wright*, (18 *Wend.* 157, 168,) the Chancellor says: "I consider the law so well settled that a conveyance is to be construed in reference to its distinct and visible location calls as marked or appearing on the land in preference to quantity, course, distance, map, or any thing else, that it would be waste of time to refer to the authorities."

So in *Smith* v. *McAllister*, (14 *Barb.* 434, 440,) Brown, J. says: "The monuments which shall control course, distance, &c. may be any objects which are visible, fixed, and clearly ascertained as the lands of other individuals, or their courses."

A large number of cases sustaining this principle may be found in Cowen & Hill's Notes, ( *p.* 1378,) and the same rule is stated by Selden, J. in *Baldwin* v. *Brown*, (16 *N. Y. Rep.* 359,) and he gives the reason, that mistakes are more likely to occur with respect to courses and distances than in regard to objects which are visible and permanent.

In *The People* v. *Law*, (22 *How. Pr. R.* 109, 111,) Hogeboom, J. says: "In determining the question of intention, I do not think the measurement of the lot is at all a controlling consideration. It always yields to more certain, marked and permanent boundaries."

This rule is so well settled that it is useless to multiply authorities to sustain it; and we have only to ascertain from the description of the premises what the parties intended, so as to dispose of this case. On this point there is no doubt. Both parties admit that they supposed the stable stood upon the 120 feet, and the agreement shows that the stable was considered as included in the boundary and sold thereby. The error was in the measurement, and that error must yield to the visible object—the stable—which is described as forming the boundary on the end of the lot and included as situated on the rear of the lot. The case was properly decided, and the judgment should be affirmed.

New trial granted.

[NEW YORK GENERAL TERM, January 7, 1867. *Leonard, Ingraham* and *Clerke,* Justices.]