Charles H. Southard, Appellant, *v.* John J. Curley et al., Respondents.

In an action to reform a contract, or where in an action upon the contract defendant asks to have it reformed, upon the ground that owing to a mistake it fails to express the agreement between the parties, while the burden is on the party alleging the mistake of clearly establishing it by satisfactory proofs, this does not require the enforcement of the rule governing the trial of criminal actions; *i. e.*, that the case must be established beyond a reasonable doubt.

Accordingly *held*, when in an action on a contract the answer set up a mistake and asked for a reformation of the contract, a refusal of the court to charge "that the burden of proof is on the defendant to satisfy the jury beyond a reasonable doubt that there was a mutual mistake in this case," was not error.

The authorities as to the degree of proof required in such cases collated.

(Argued April 29, 1892; decided June 7, 1892.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 8, 1890, which affirmed a judgment in favor of defendants entered upon a verdict, and also affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Horace Secor, Jr.*, for appellant.

*Charles N. Morgan* for respondent Curley.

* *Kohn & Ruck* for respondent Brosnan.

Parker, J. This action was instituted for the purpose of recovering the damages which the plaintiff claims to have sustained by reason of a breach by the defendants of the following agreement:

"*September* 10, 1889.

"I, C. H. Southard, of Baldwins, Queens county, N. Y., agree to sell to John J. Curley and J. M. Brosnan, of Rock-

away Beach, L. I., said county and state, all (here follows a description of the property in question), for the sum of thirty-one thousand dollars, to be paid at 30 or 60 days from date of this agreement; and I hereby acknowledge the receipt of check of one hundred dollars from John J. Curley and J. M. Brosnan, both of Rockaway Beach, N. Y.

" C. H. SOUTHARD.

" Signed and delivered in the presence of

" J. M. BROSNAN and

" JOHN CURLEY."

The property described in the agreement was a portion of the Mammoth Hotel at Rockaway Beach.

The answer averred the purchase of the building by the plaintiff of the owners of the land on which the building was located; the securing of an option by the defendants to purchase the premises from the owners within a given period; their desire to secure an option for the purchase of so much of the hotel buildings as remained standing, and that the agreement which they in fact made with the plaintiff was to pay him $100 for an option to purchase the building within 30 or 60 days for the sum of $31,000, but the defendant Brosnan, in the haste of drafting the memorandum of agreement, omitted to insert that the sale was optional with the defendants.

The answer demanded, among other relief, that the writing be so reformed as to express the true meaning of the parties.

No exceptions were taken to the admission of testimony.

But an exception was taken to the refusal of the court to direct a verdict in favor of the plaintiff, at the close of the case, and the appellant urges that an error is thus presented.

We do not so regard it. The issue presented by the pleadings permitted the introduction of testimony tending to show that the writing relied on by the plaintiff did not state the agreement which the parties made.

On the trial evidence tending to establish the allegations of the answer in such respect was, without objection, introduced and without stopping to recite it, it is sufficient to say that it

would support a decree so reforming the writing as to provide that the $100 was paid for the right to purchase the property described within the period provided, and for the sum named.

The denial of plaintiff's motion to direct a verdict, therefore, was not error.

No exception was taken to the charge of the court, but the plaintiff requested the court to charge "that the burden of proof is on the defendants to satisfy the jury beyond a reasonable doubt that there was a mutual mistake in the case," and the exception taken to the refusal of the court to charge as requested is now assigned for error.

It is a rule of the criminal law that the guilt of the accused must be fully proved; that neither a preponderance of evidence, nor any weight of preponderant evidence is sufficient for the purpose, unless it generate full belief of the fact, to the exclusion of all reasonable doubt.

A degree of conviction, it is said, which ought only to be produced when the facts proved coincide with and are legally sufficient to establish the truth of the hypothesis assumed, namely, the guilt of the party accused, and are inconsistent with any other hypothesis.

But a distinction has always been recognized and maintained between criminal and civil cases, in respect to the degree or quantity of evidence necessary to support a judgment. In the latter class of actions the law being satisfied with a finding in accordance with the preponderance of, or weight of preponderating evidence.

The difference in the form of oath administered to jurors in civil cases and criminal actions, is in accordance with this fundamental distinction.

But it is urged that in an action brought to reform a written contract, on the ground that owing to a mistake it fails to express the agreement which the parties to it actually made, the courts have at last adopted the rule of criminal actions that the evidence must be such as to establish the mistake beyond a reasonable doubt. That such was not always the rule is conceded, but it is claimed that the later adjudications

have settted the rule in accordance with the appellant's contention.

In Story's Eq. Juris. (Vol. 1, § 157), the doctrine is stated as follows : " Relief will be granted in cases of written instruments only when there is a plain mistake, clearly made out by satisfactory proofs. It is true that this, in one sense, leaves the rule somewhat loose, as every court is still left free to say what is a plain mistake, and what are proper and satisfactory proofs. But this is an infirmity incident to the very administration of justice, for in many cases judges will differ as to the result and weight of evidence, and consequently they may make different decisions upon the same evidence. But the qualification is most material, since it cannot fail to operate as a weighty caution upon the minds of all judges, and it forbids relief whenever the evidence is loose, equivocal or contradictory, or it is in its texture open to doubt or to opposing presumptions."

The rule declared by Story was in accordance with the adjudications at the time of his writing and in accordance, doubtless, with the general understanding of the profession at the present time.

Judge Redfield, in his revision, has added to section 157 (Story's Eq. Juris. 11th ed.), the following : " The proof must be such as will strike all minds alike as being unquestionable and free from reasonable doubt. The distinction here attempted to be defined, in regard to the measure of proof, is much the same which exists between civil and criminal cases."

Mr. Pomeroy, in his work on Eq. Juris. (Vol. 2, § 859), reaches the same conclusion. He says " the authorities all require that the parol evidence of the mistake and of the alleged modification must be most clear and convincing, in the language of some judges, the strongest possible, or else the mistake must be admitted by the opposite party ; the resulting proof must be established beyond a reasonable doubt."

We have examined all of the authorities cited by Judge Redfield and Mr. Pomeroy in support of the rule which they

have attempted to deduce from them as well as those cited by the appellant.

It would hardly be proper in this connection to attempt a review of them all, but we have selected from different jurisdictions a number of cases which are fairly representative, as to the expressions made use of by the courts, touching the degree or · quantity of proof essential to support a decree reforming a written instrument on the ground of mistake.

It should be observed in passing, however, that in none of the cases was the court called upon to determine whether the trial court observed the proper rule in passing on the evidence, or whether, as here, it had correctly or not instructed the jury in that regard. What rule should guide the trial court was not, therefore, necessarily discussed by counsel, and we have failed to find any evidence of a discussion by any of them of the question whether the rule in criminal actions touching the degree and quantity of proof necessary to support a judgment of conviction is applicable to cases of this character.

It should also be remarked that the expressions in the several opinions relied on as establishing the rule contended for, were generally, if not universally, made in connection with such a discussion of the evidence as induced an affirmance or reversal of the judgments under review.

Lord Hardwick, in *Henikle* v. *Royal Exchange Assior. Co.* (1 Vesey, Sr., 317), said: "There ought to be the strongest proof possible."

In *U. S.* v. *Munroe* (5 Mason, 572), the court said: "The evidence must be clear, unequivocal and decisive, not evidence which hangs equal or nearly *equilibrio.*"

In *Andrews* v. *Essex Fire & M. I. Co.* (3 Mason, 6), by Story, J.: "But a court of equity ought to be extremely cautious in the exercise of such an authority, seeing that it trenches upon one of the most salutary rules of evidence, that parol evidence ought not to be admitted · to vary a written instrument. It ought, therefore, in all cases, to withhold its aid where the mistake is not made out by the clearest evidence according to the understanding of both parties, and upon testimony entirely exact and satisfactory."

In *Gillespie* v. *Moon* (2 Johns. Chan. 585), Chancellor Kent remarks: " Does it satisfy the mind of the court ? "

Fry on Spec. Perf. (2 Am. ed.): " The proof must be clear, irrefragable and the strongest possible."

*Bold* v. *Hutchinson* (5 De Gex, M. & G. 558): "If it is perfectly palpable that there has been a mistake, the court will correct it. The question before me is whether I am satisfied that a settlement has been made in error."

*Coale* v. *Merryman* (35 Md. 382): " The evidence must be such as to satisfy the mind of the court."

*Lyman* v. *Little* (15 Vt. 576): " Equity will not correct a mistake in a written instrument except on clear and undoubted testimony."

*Miner* v. *Hess* (47 Ill. 170): " It must leave little, if any, doubt."

*Stockbridge Iron Co.* v. *Hudson Iron Co.* (102 Mass. 45): " The proof that both parties intended to have the precise agreement set forth inserted in the deed, and omitted to do so by mistake, must be made beyond a reasonable doubt." In laying down this rule, the court did not refer to other adjudications.

*Sawyer* v. *Hovey* (3 Allen, 331): " The mistake must be made out according to the understanding of both parties by proof that is entirely exact and satisfactory."

*White* v. *Williams* (48 Barb. 222): " The relief will not be granted, except when the mistake is very plain and operates contrary to the intention of the parties."

*Tufts* v. *Larned* (27 Ia. 330): " The evidence of mistake must be such as will strike all minds alike as being unquestionable and free from reasonable doubt."

*Nevius* v. *Dunlap* (33 N. Y. 676): " To entitle a party to the decree of a court of equity, reforming a written instrument, he must show, first, a plain mistake, clearly made out by satisfactory proofs."

*Mead* v. *Westchester F. I. Co.* (64 N. Y. 433): " The proof upon this point should be so clear and convincing as to leave no room for doubt."

*Ford* v. *Joyce* (78 N. Y. 618), "The mistake should be proved as much to the satisfaction of the court as if admitted."

*Newton* v. *Holley* (6 Wis. 564–578), "The mistake must be made out in a most clear and decisive manner, and to the entire satisfaction of the court."

*Linn* v. *Barkey* (7 Ind. 69), the mistake "must be established beyond a reasonable controversy."

*Hill* v. *Hill* (10 Wkly. Dig. 239), "The proof of the mistake should be clear and positive; it should not leave a reasonable doubt."

*Boardman* v. *Davidson* (7 Abb. Pr. [N. S.] 439), the mistake "must be shown by clear and entirely satisfactory proof, and the relief will not be granted when the evidence is loose, equivocal or contradictory, or is in its texture open to doubt or to opposing presumption."

In *Devereux* v. *Sun Fire Office* (51 Hun, 147), the evidence of mistake "should be clear and convincing, and such as to leave no reasonable doubt as to the existence of the mistake alleged."

*Little* v. *Webster* (16 N Y. S. R. 107), "The evidence should be strong and conclusive, and in some cases it has been held, should be beyond all reasonable doubt. But perhaps this expression is too strong. There must be at least very conclusive evidence that by mistake the contract does not represent the intention of the parties."

*Simmons Creek Coal Co.* v. *Doran* (142 U. S. 417–435), " But to justify such reformation the evidence must be sufficiently cogent to thoroughly satisfy the mind of the court."

The quotations made indicate a universal agreement that a contract shall not be reformed on loose, contradictory and unsatisfactory evidence; a settled determination that when a mistake is alleged, it must be clearly established by satisfactory proofs, or the contract will stand as made. But, in giving expression to the necessity of observing such caution, some judges have employed conservative language, others extreme. A difference doubtless due to the fact that the question before the court for discussion in the different cases, was not what is

the abstract rule as to the degree or quality of the evidence required, but rather whether the particular evidence under consideration justifies a reformation.    While in a few instances apparently unconsidered expressions may be found to the effect that the mistake must be established beyond a reasonable doubt, so may a variety of other expressions differing in form, but equally well supported, be found, such as: "It must be proved as much to the satisfaction of the court as if admitted;" "the proof must be clear, irrefragable, and the strongest possible;" or "there must be a plain mistake established by satisfactory proofs."    A situation which suggests that we heed the caution of FOLGER, J., in *Taylor* v. *Mayor, etc.* (82 N. Y. 17): "It is not always well to take particular phrases and sentences from an opinion and read them as giving the core of the judgment."    The same thought was expressed in *Hastings Nat. Bank* v. *Hibbard* (48 Michigan, 457): "It must always be remembered that general language in legal discussions is to be construed with its surroundings, and cannot be dealt with in the abstract."

Chief Justice MARSHALL in *Cohens* v. *Virginia* (6 Wheaton, 120–179), not only called attention to the care which should be observed in asserting that general expressions used in an opinion must be accepted as law, but most admirably stated the reason for it.    He said: "It is a maxim not to be disregarded, that general expressions in every opinion are to be taken in connection with the case in which these expressions are used.    If they go beyond the case they may be respected, but ought not to control the judgment in a subsequent suit, when the very point is presented for decision.    The reason of this maxim is obvious.    The question actually before the court is investigated with care, and considered in its full extent    Other principles which may serve to illustrate it are considered in their relation to the case decided, but their possible bearing on all other cases is seldom completely investigated."

Bearing in mind these admonitions as we examine the opinions alluded to, we reach the conclusion that they do not require us to declare that this strong rule of criminal proced-

ure has become a part of the practice in civil actions. Certainly, this need not be done in view of the many authorities which both before and since Judge STORY penned the rule that "relief will be granted in cases of written instruments only when there is a plain mistake clearly made out by satisfactory proofs," have asserted the same doctrine in terms or in substance.

We think the refusal to charge as requested was not error. The judgment should be affirmed.

All concur, except FOLLETT, Ch. J., dissenting.

Judgment affirmed.