### BURT v. QUACKENBUSH et al.

(Supreme Court, Appellate Division, Second Department. May 1, 1902.)

BOND—REFORMATION—EVIDENCE—SUFFICIENCY.

In an action on a bond conditioned that plaintiff secure "building loans or other loans" for each of a certain number of houses which the obligor agreed to erect, defendant alleged that the insertion of the words "or other loans" was made by mutual mistake, and showed that plaintiff left the matter with his agent; that in the negotiations with the agent only building loans were contemplated; that defendant's attorney prepared a preliminary form which did not contain the phrase "or other loans"; that it was submitted to plaintiff's agent and attorneys, who changed its terms and returned it; that, at the time of the signing of the bond, defendant was present with his attorney, but did not remember whether the contract was read over, he relying on his attorney. The evidence also showed that plaintiff wrote a letter to defendant before the execution of the bond in which he proposed that the condition of the bond should be "building loans or other loans." *Held* insufficient to authorize a reformation of the bond.

Appeal from special term, Richmond county.

Action by Franklin Burt against Abraham Quackenbush and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

William J. Lippmann, for appellants.
S. F. Rawson, for respondent.

JENKS, J. This action is brought upon a bond executed by the defendants pursuant to an agreement under seal between the plaintiff and the defendant Quackenbush, and in conformity therewith. A condition of the bond was that "C. L. Hascall (who was agent of the plaintiff) secures building loans or other loans" for each of 10 houses which the obligor, the defendant Quackenbush, agreed to build and to complete by July 4, 1901. Quackenbush does not pretend to performance, but pleads that the true agreement required the securing of building loans only, and that, when the agreement in its written form and the accompanying bond were presented to him for execution, he, "believing that the said agreement and bond contained all of the conditions and covenants which had actually been agreed upon, * * * and did not contain any clause or words which had not been agreed upon, did, without carefully examining and reading the same, execute, deliver, and acknowledge" them, and that the defendant Taylor, in similar belief, executed the bond "without carefully reading the same." And he charges that "the insertion of the words 'or other loans'" in the said agreement and bond was made "either by clerical error or mutual

mistake." The defendant therefore prayed for reformation of agreement and bond, and then for judgment. It is not pretended that the plaintiff was equitably estopped subsequent to the execution of the instruments. Indeed, the defendant, referring to the negotiations subsequent thereto, testifies, "Mr. Hascall never offered to make a building loan." The learned special term decided that there was no fraud, and that there had been no mutual mistake.

In Lowery v. Erskine, 113 N. Y. 52, 55, 20 N. E. 588, 589, the court said:

"The rule governing appellate tribunals in reviewing questions of fact is stated in Baird v. City of New York, 96 N. Y. 577, to be: 'To justify a reversal, it must appear that such findings were against the weight of evidence, or that the proofs so clearly preponderated in favor of a contrary result that it can be said with a reasonable degree of certainty that the trial court erred in its conclusions.'"

Crane v. Baudouine, 55 N. Y. 256; Westerlo v. De Witt, 36 N. Y. 344, 93 Am. Dec. 517. Moreover, the proof which justifies reformation is not that which merely points to a probability or shows a preponderance. But in the words of Judge Story, adopted by Parker, J., in his very learned opinion in Southard v. Curley, 134 N. Y. 148, 151, 31 N. E. 330, 331, 16 L. R. A. 561, 30 Am. St. Rep. 642, reformation is given "only when there is a plain mistake, clearly made out by satisfactory proofs." Indeed, this court has said there must be a "certainty of error" (Weed v. Whitehead, 1 App. Div. 192, 195, 37 N. Y. Supp. 178, 181), citing, inter alia, both Story and Southard's Case, supra. See, too, Allison Bros. Co. v. Allison, 144 N. Y. 21, 31, 38 N. E. 956, 959, et seq. In the light of these rules, I think that the decision of the learned special term should be affirmed. The plaintiff took but little part in the transaction. He wrote a letter of memoranda to the defendant early in the negotiations, and there is evidence that he was present at two interviews between Taylor and Hascall. But it is clear that he left Hascall with a free hand to transact the business; that he was away part of the time, and ill part of the time, and that, when Quackenbush attempted to discuss the loans with him, he was referred to Hascall, who seemed to have practically plenary power. As Hascall died before the trial, it was impossible to contradict the testimony given by the defendants, that, in their talks and negotiations with him, the only loans contemplated and discussed were building loans. One of the attorneys for the defendants prepared a contract in tentative form, which was put in evidence. It did not contain the expression "or other loans." But the paper thereafter was submitted to Hascall, and by him submitted to his attorneys, who changed and varied it, and then it was sent again to the defendants' attorneys, so that it was rather a preliminary draft, than a final writing which required but a fair copy. Beyond this testimony of the defendant parties that only building loans were discussed, and the silent testimony of this preliminary draft, I find no evidence whatever that the minds of the parties ever met on the distinct and specific proposition that building loans should be furnished, exclusive of every other kind of loan. Moreover, the court was not bound to credit the testimony of the parties. Elwood v. Telegraph Co., 45 N. Y. 549, 6 Am. Rep. 140; Wohlfahrt v. Beckert,

92 N. Y. 490, 497, 44 Am. Rep. 406.  I find in the said memorandum letter written by the plaintiff to the defendant that one of the conditions stated for the proposed bond is that there shall be "building loan association or other loans."  The learned counsel for the appellants would weaken this by reading the succeeding words "for building each of said ten houses."  But "other loans" might be made "for building each of said ten houses," in the meaning that, in view of the building of such houses, such loans would be made.  In other words, the phrase does not nullify the positive expression "or other loans."  It may be true that the defendants discussed building loans, only, with Hascall, and sought that the agreement should provide for them only, and that they attempted to secure the written agreement in that form; but this falls far short of the cogent, clear, and satisfactory proof required to establish that Hascall actually agreed thereto, and that the instrument as finally executed failed to state his agreement with the defendants. On the day set for the execution of the agreement, Quackenbush attended with counsel.  He testifies that possibly the contract might have been read over,—he does not remember particularly,—but that he relied upon his attorney for his safety in the execution.  The defendant Taylor testifies that he signed the bond 15 days later, also with Quackenbush's attorney in attendance upon him; that the contract was then compared; and that he signed the bond, relying upon the former procedure and upon the attorney.  If the defendants were misled, it certainly was not through the fault of the plaintiff, or of his agents or his attorneys.  There is not the slightest evidence either of fraud or of other inequitable conduct on the part of the respondent, or of his agents or attorneys.  The testimony is quite insufficient to establish mutual mistake, or that the terms of the instrument were due to any clerical error.  The defendants appear to be men of experience in business and of intelligence.  Taylor's testimony shows that he understood the character of a "building loan," and Quackenbush testified that he was a builder, and that he had explained to plaintiff "just what a building loan was."  The phrase "or other loans" is perfectly plain.  If the contract was read, the provision now complained of was clear.  If it was not read, then his was the neglect.  The agreement is legal, explicit, and complete in itself.  All previous oral negotiations or tentative written understandings were merged in it, and were absorbed by it.  Chapin v. Dobson, 78 N. Y. 74, 79, 34 Am. Rep. 512; Eighmie v. Taylor, 98 N. Y. 288; Linton v. Fireworks Co., 128 N. Y. 672, 28 N. E. 580.  And oral evidence cannot be received to contradict or to vary the terms thereof.  Miller v. Carpenter, 68 App. Div. 346, 74 N. Y. Supp. 231, and authorities cited.  Moreover, in this case the agreement is under seal, and any simple contract is merged therein. Young v. Hill, 67 N. Y. 162, 174, 23 Am. Rep. 99.

The judgment should be affirmed, with costs.  All concur.