REIMER v. GREEN ROOM CLUB.

(Supreme Court, Appellate Term.   November 6, 1903.)

1. COMPROMISE AND SETTLEMENT—MISTAKE OF FACT—BURDEN OF PROOF.
   The burden of showing by clear and satisfactory proof a material mistake of fact, vitiating a compromise and settlement, rests upon the party who asserts it.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Gustave Reimer against the Green Room Club.   From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Robert L. Turk, for appellant.

Maurice P. Davidson, for respondent.

FREEDMAN, P. J.   This action was brought by the plaintiff, who is a caterer, for food sold and services rendered and money paid out for defendant.   The defendant set up a general denial, payment, and an accord and satisfaction.   It was admitted on the trial that the board charged for in plaintiff's bill of particulars was furnished, and

¶ 1. See Compromise and Settlement, vol. 10, Cent Dig. § 91.

also the claim for money paid out for the defendant. The defendant offered testimony of several conversations had between the plaintiff and the president of the defendant, leading up to a final settlement, which finally culminated by the payment by the defendant to the plaintiff of the sum of $150, for which plaintiff gave a writing as follows:

"Received of the Green Room Club the sum of $150, being payment in full of all demands of whatsoever name or nature covering provisions, help, personal services of self and wife.　　　　　　　　　　　　　　G. Reimer.

"New York, May 5th, 1903.

"Witness: J. T. Abbets."

The learned trial judge in the court below, in his opinion, concedes that there was a settlement between the parties, and that the sum of $150 was accepted by the plaintiff as an accord and satisfaction, but states "that there was a mutual mistake of facts," and describes that mistake to be an omission on the part of the plaintiff of a charge amounting to $46.29, and gives judgment for that amount. I have carefully read the testimony contained in the record, and I fail to find any testimony tending to show this omission, or anything whereby the trial court could have arrived at that opinion. It was never assumed or admitted by the defendant that plaintiff's account was a correct one. It was because there was a dispute as to its correctness that caused the negotiations to take place, and which finally resulted in an agreement entered into with the plaintiff that a payment of $150 should be in full settlement of all matters in difference. The plaintiff himself did not testify to any mistake in the account as presented by him, and the testimony of the witness Merly, referred to by the trial judge in his opinion, is far from showing a mistake. The burden of showing a material mistake rests upon the party who asserts it, and it must be made out by clear and satisfactory proof. Southard v. Curley, 134 N. Y. 148, 31 N. E. 330, 16 L. R. A. 561, 30 Am. St. Rep. 642. Neither by pleading nor in proof did the plaintiff entitle himself to a judgment.

Judgment reversed. New trial ordered, with costs to appellant to abide the event. All concur.