THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES WILLIAMS, Appellant.— Judgment unanimously affirmed. Memorandum: The defense of entrapment may not be raised for the first time on appeal. "Points raised by briefs, not properly presented by the record, are ordinarily not considered by the court." (*People* v. *Hicks*, 287 N. Y. 165, 174.) "A charge upon the issues raised by the pleadings and justified by the evidence, which is correct in law and sufficient to guide the jury, is not open to objection because it fails to instruct on all the theories which may be drawn from the evidence introduced, unless a request for further instructions is made." (53 Am. Jur., Trial, p. 415; see, also, *People* v. *Cohen*, 5 N Y 2d 282, 290.) (Appeal from judgment of Erie County Court convicting defendant of violation of subdivision 1 of section 1751 of the Penal Law.) Present — Bastow, J. P., Goldman, Henry, Noonan and Del Vecchio, JJ.

FRANKLIN J. THOMPSON et al., Appellants, v. RAYMOND W. HOWELL et al., Respondents.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event. Memorandum: The plaintiffs appeal from a judgment dismissing their amended complaint on the merits. Among other things the amended complaint sought reformation of a contract for the sale of real property to show the intent of the parties at the time the contract was made as to a cancellation clause in favor of the defendants. At the time of trial before the court without a jury the plaintiffs conceded that they had received a cancellation notice. Based on this concession and without taking any proof the court dismissed the amended complaint. This was on the theory that the cancellation clause was not ambiguous and also that parol evidence could not be used because it would vary the terms of the contract. This was error. A contract need not be ambiguous to be reformed. Mutual mistake or mistake of one party and fraud of the other with respect to a material part of the contract permits reformation. (76 C. J. S., Reformation of Instruments, p. 364, § 28, subd. b; 5 Williston, Contracts [rev. ed.], p. 4336, § 1547.) Here the plaintiffs seek to reform the contract because of mutual mistake. They are entitled to a trial. It is clear parol evidence is admissible in an action for reformation. (*Brandwein* v. *Provident Mut. Life Ins. Co.*, 3 N Y 2d 491; 6 N. Y. Jur. [1964 Supp.], p. 35, § 32.5.) (Appeal from judgment of Livingston Trial Term dismissing the complaint on the merits, in an action for specific performance of a contract.) Present — Williams, P. J., Goldman, Henry, Noonan and Del Vecchio, JJ.