■ VANCE METAL FABRICATORS, INC., Respondent v CARL E. WIDELL & SON, Appellant. (Appeal No. 1.)—Order unanimously affirmed, with costs. Memorandum: In this action for reformation of a contract and award of money damages, tried without a jury, defendant appeals from an order and judgment granting reformation. Defendant, in urging reversal, contends that the trial court, by reason of verbiage contained in its memorandum decision, failed to apply the requisite standard of proof to warrant reformation relief, and that the evidence adduced failed to meet such applicable standard. Before a party "can be granted reformation, *he must establish his right to such relief by clear, positive and convincing evidence. Reformation may not be granted upon a probability nor even upon a mere preponderance of evidence, but only upon a certainty of error." (Amend v Hurley,* 293 NY 587, 595; see also, *Nash v Kornblum,* 12 NY2d 42, 46; *Ross v Food Specialties,* 6 NY2d 336, 341.) The Court of Appeals in *Southard v Curley* (134 NY 148), in considering the standard of proof in an action for reformation, rejected the criterion of "beyond a reasonable doubt" applicable to a criminal proceeding; and, after reviewing authorities on the subject, stated that there is "a universal agreement that a contract shall not be reformed on loose, contradictory and unsatisfactory evidence; a settled determination that when a mistake is alleged, it must be clearly established by satisfactory proofs or the contract will stand as made" *(Southard v Curley, supra,* p 154). It would, therefore, appear that the burden of proof upon a party seeking reformation lies between "mere preponderance of the evidence" and "evidence beyond a reasonable doubt", characterized as "clear and convincing evidence". The instant record amply sustains such proof. Nor does the trial court's recitation in its memorandum decision of the phrase "fair preponderance of the credible evidence", standing alone, impair its determination or ascribe use of a standard of proof less than required, since the complete context of the memorandum reflects that the trial court was "convinced" that the terms of the negotiated agreement were not expressed in the parties' ultimate written agreement. In addition, it would appear implicit from the citation by the trial court of *Nash v Kornblum* (12 NY2d 42) and *Fitzgerald v Arcade Theater Co.* (153 NYS 618), which cases involved the instant issue of requisite proof in an action for reformation, that cognizance

of the proper standard of proof was had. Considering the nature of this action, neither the statute of frauds nor the parol evidence rule is applicable where the proffered evidence is relevant and material *(Brandwein v Provident Mut. Life Ins. Co.,* 3 NY2d 491, 496; *Thompson v Howell,* 20 AD2d 963). The admission into evidence, therefore, of the exhibits, concerning which defendant complains, was not in error, they being materially relevant and corroborative of plaintiff's witnesses' testimony. Lastly, the trial court's memorandum decision, despite its brevity, fully complies with CPLR 4213 (subd [b]) in that ultimate determinative facts necessary for reformation relief sought are set forth, viz., that the parties during their negotiations agreed to the elimination of slide gates from their contract and that such exclusion should have been expressly set forth in the contract but was not. (See *Ryan & Son v Lancaster Homes,* 22 AD2d 186, 192, affd 15 NY2d 812; *Metropolitan Life Ins. Co. v Union Trust Co.,* 268 App Div 474, 479, affd 294 NY 254.) Other contentions raised by defendant on this appeal are without merit. (Appeal from order of Ontario Supreme Court in action to reform contract.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Del Vecchio, JJ.