OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Both courts below have found, as a question of fact, that respondent did not permanently neglect her children by failing to plan for their future. (See Family Ct Act, § 611.) On the sparse record before us, we cannot say otherwise, as a matter of law.
We take this occasion, however, to comment upon the findings of fact, or lack thereof, made by the Family Court and affirmed by the Appellate Division, without opinion. A trial court must state in its decision "the facts it deems essential” to its determination. (CPLR 4213, subd [b].) While the court need not set forth evidentiary facts, it must state ultimate facts: that is, those facts upon which the rights and liabilities *1026 of the parties depend. (See Rosen Trust v Rosen, 53 AD2d 342, 361, affd 43 NY2d 693; Fischer v Fischer, 45 AD2d 917.)
In the present case, the Family Court made no findings of fact, concluding only that it was not persuaded that appellant had proved its case. (Family Court indicated an intention to make such findings, but failed to do so, and the parties acquiesced in such failure.) Effective appellate review, whatever the case but especially in child visitation, custody or neglect proceedings, requires that appropriate factual findings be made by the trial court — the court best able to measure the credibility of the witnesses. This weighty responsibility cannot be shirked, as in this case, by reference to an ultimate conclusion of the court rather than a statement of its required findings of fact. Notwithstanding the failure of the Family Court to satisfy its obligation under the CPLR, however, we do not remit this case to the Family Court only because our independent examination of the record reveals insufficient evidence to support a conclusion that respondent permanently neglected her children.
Concur: Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg.
Order affirmed, with costs, in a memorandum.