■ In the Matter of ERIKA G. and Others, Children Alleged to be Abandoned. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DAVID G., Appellant. [734 NYS2d 351] —Spain, J. Appeal from an order of the Family Court of Chemung County (Frawley, J.H.O.), entered January 5, 2001, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be abandoned.

Respondent is the father of three children who were first placed in foster care in February 1998 after they were removed from the home of their mother. The children were returned to their mother's care in February 1999 and respondent saw them on a regular basis until early September 1999, when his relationship with their mother ended and he moved to Florida. The children were returned to foster care by court order in November 1999 and their mother surrendered her parental rights in February 2000. By petition filed in March 2000, petitioner commenced this proceeding alleging that respondent had abandoned his children by failing to visit or communicate with them—although able to do so—during the six-month period immediately prior to the date of the filing of the petition (*see,* Social Services Law § 384-b [5] [a]). Respondent returned from Florida in May 2000. After efforts were made by petitioner to locate respondent, he was served with the abandonment petition on September 26, 2000, the same day on which he appeared at Family Court to file a petition for custody of the children.[1] Following a fact-finding hearing, Family Court sustained the petition and terminated respondent's parental rights. Respondent appeals.[2]

---

1. Respondent's custody petition dated and filed September 26, 2000 was dismissed in Family Court on January 5, 2001 and that order has not been appealed.

2. Although respondent improperly appeals from the fact-finding order rather than the order of disposition (Family Ct Act § 1112 [a]), the notice of

We affirm. First, we reject respondent's argument that Family Court failed to comply with its obligation to set forth the facts upon which it based its determination (*see*, CPLR 4213 [b]). To comply with CPLR 4213 (b), a court need not set forth evidentiary facts, but it must state those ultimate facts essential to its decision (*see*, *Matter of Van Dyck v Van Dyck*, 96 AD2d 629, 630). Here, the court specifically stated on the record its finding that while he resided in Florida, respondent made no effort to contact his children with the exception of two letters that respondent claims to have sent to the children's maternal grandmother which were returned to him. The court also found that following his return to New York in May 2000—despite access to information concerning the whereabouts of his children—respondent made no effort to contact the children until he filed the custody petition in September 2000. These facts—largely undisputed by respondent—are sufficient to provide a basis for Family Court's determination that respondent abandoned his children (*see*, Social Services Law § 384-b [5] [a]; *Matter of Christopher MM.*, 210 AD2d 767, *lv denied* 85 NY2d 807).

Respondent finally contends that Family Court erred when it found, without hearing evidence on the subject at a dispositional hearing, that it was in the children's best interests to be freed for adoption. As respondent did not appeal from the order of disposition, this issue is not properly before the Court (*see*, *Matter of Jason FF.*, 224 AD2d 900).

Crew III, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

appeal shall be treated as an application for leave to appeal from the fact-finding order and we shall, *sua sponte*, grant the application (*see*, *Matter of Jason FF.*, 224 AD2d 900).