In the Matter of STATE OF NEW YORK, Respondent, v JAMES HIGH, Appellant. [919 NYS2d 452]—

Appeal from an order of the Supreme Court, Monroe County (Thomas M. Van Strydonck, J.), entered April 2, 2009 in a proceeding pursuant to Mental Hygiene Law article 10. The order committed respondent to a secure treatment facility.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order determining that he is a dangerous sex offender requiring confinement pursuant to Mental Hygiene Law article 10 and committing him to a secure treatment facility. We conclude that petitioner met its burden of establishing by clear and convincing evidence that respondent suffers from a mental abnormality (*see Matter of State of New York v Farnsworth*, 75 AD3d 14, 29-30 [2010], *appeal dismissed* 15 NY3d 848 [2010]; *see generally* Mental Hygiene Law § 10.03 [i]). We further conclude that the jury's determination with respect to the issue of mental abnormality is entitled to great deference because the jury had the best opportunity to evaluate the weight and credibility of conflicting expert testimony (*see Matter of State of New York v Donald N.*, 63 AD3d 1391, 1394 [2009]). Petitioner also established by clear and convincing evidence that respondent has such an inability to control his behavior that he "is likely to be a danger to others and to commit sex offenses if not confined" (Mental Hygiene Law § 10.07 [f]). Thus, it cannot be said that Supreme Court erred in determining that respondent required confinement and should be committed to a secure treatment facility (*see id.*). Respondent's contention that the court erred in permitting

testimony during the disposition hearing with respect to the use of the STATIC-99 tool is not preserved for our review (*see generally* CPLR 4017, 5501 [a] [3]) and, in any event, his challenge to that testimony goes to the weight thereof rather than its admissibility (*see Matter of State of New York v Fox*, 79 AD3d 1782, 1784 [2010]; *see also Matter of State of New York v Timothy JJ.*, 70 AD3d 1138, 1140-1142 [2010]). Present—Smith, J.P., Peradotto, Lindley, Sconiers and Martoche, JJ.