# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

776

CA 12-00703

PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF THE APPLICATION FOR DISCHARGE
OF TIMOTHY SKINNER, CONSECUTIVE NO. 126970, FROM
CENTRAL NEW YORK PSYCHIATRIC CENTER PURSUANT
TO MENTAL HYGIENE LAW SECTION 10.09,
PETITIONER-APPELLANT,

          V                          MEMORANDUM AND ORDER

STATE OF NEW YORK, NEW YORK STATE OFFICE OF
MENTAL HEALTH, AND NEW YORK STATE DIVISION OF
PAROLE, RESPONDENTS-RESPONDENTS.

---

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA
(CRAIG P. SCHLANGER OF COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Oneida County (Joseph E. Fahey, A.J.), entered March 9, 2012 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, continued petitioner's commitment to a secure treatment facility.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner was previously deemed to be a dangerous sex offender requiring civil confinement and was committed to a secure treatment facility (*see* Mental Hygiene Law § 10.01 *et seq.*). Petitioner now appeals from an order, entered after an evidentiary hearing, continuing his confinement in a secure treatment facility (*see* § 10.09 [h]). We affirm. We reject petitioner's contention that Supreme Court failed to "state in its decision 'the facts it deem[ed] essential' to its determination" (*Matter of Jose L. I.*, 46 NY2d 1024, 1025, quoting CPLR 4213 [b]). "To comply with CPLR 4213 (b), a court need not set forth evidentiary facts, but it must state those ultimate facts essential to its decision" (*Matter of Erika G.*, 289 AD2d 803, 804). Here, the court's "decision, despite its brevity, fully complies" with section 4213 (b) (*Vance Metal Fabricators v Widell & Son*, 50 AD2d 1062, 1063). Specifically, the decision sets forth the court's finding that petitioner continues to suffer from "a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that [he] is likely to be a danger to others fand to commit sex offenses if not

confined to a secure treatment facility" (§ 10.03 [e]).

We reject petitioner's further contention that respondents failed to prove by clear and convincing evidence that he is a dangerous sex offender requiring continued confinement (*see generally Matter of State of New York v High*, 83 AD3d 1403, 1403, *lv denied* 17 NY3d 704; *Matter of State of New York v Motzer*, 79 AD3d 1687, 1688).  While there was conflicting expert testimony with respect to the need for petitioner's continued confinement, "[t]he trier of fact [was] in the best position to evaluate the weight and credibility of conflicting expert . . . testimony," and here the record supports the court's determination to credit the opinion of respondents' expert over that of petitioner's expert (*Matter of State of New York v Donald N.*, 63 AD3d 1391, 1394).

Entered:  July 5, 2013                          Frances E. Cafarell
                                                Clerk of the Court