Appeal from an order of the Supreme Court, Oneida County (Joseph E. Fahey, A.J.), entered March 9, 2012 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, continued petitioner’s commitment to a secure treatment facility.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner was previously deemed to be a dangerous sex offender requiring civil confinement and was committed to a secure treatment facility {see Mental Hygiene Law § 10.01 et seq.). Petitioner now appeals from an order, entered after an evidentiary hearing, continuing his confinement in a secure treatment facility {see § 10.09 [h]). We affirm. We reject petitioner’s contention that Supreme Court failed to “state in its decision ‘the facts it deem[ed] essential’ to its determination” (Matter of Jose L.I., 46 NY2d 1024, 1025 [1979], quoting CPLR 4213 [b]). “To comply with CPLR 4213 (b), a court need not set forth evidentiary facts, but it must state those ultimate facts essential to its decision” (Matter of Erika G., 289 AD2d 803, 804 [2001]). Here, the court’s “decision, despite its brevity, fully complies” with section 4213 (b) (Vance Metal Fabricators v Widell & Son, 50 AD2d 1062, 1063 [1975]). Specifically, the decision sets forth the court’s finding that petitioner continues to suffer from “a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that [he] is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility” (§ 10.03 [e]).
*1135 We reject petitioner’s further contention that respondents failed to prove by clear and convincing evidence that he is a dangerous sex offender requiring continued confinement (see generally Matter of State of New York v High, 83 AD3d 1403, 1403 [2011], lv denied 17 NY3d 704 [2011]; Matter of State of New York v Motzer, 79 AD3d 1687, 1688 [2010]). While there was conflicting expert testimony with respect to the need for petitioner’s continued confinement, “[t]he trier of fact [was] in the best position to evaluate the weight and credibility of conflicting expert . . . testimony,” and here the record supports the court’s determination to credit the opinion of respondents’ expert over that of petitioner’s expert (Matter of State of New York v Donald N., 63 AD3d 1391,1394 [2009]). Present — Centra, J.E, Peradotto, Sconiers, Valentino and Whalen, JJ.