# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1345**
**CA 13-01853**
PRESENT: CENTRA, J.P., FAHEY, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF THE APPLICATION FOR DISCHARGE
OF AMIYN ABDULLAH, CONSECUTIVE NO. 21951, FROM
CENTRAL NEW YORK PSYCHIATRIC CENTER PURSUANT TO
MENTAL HYGIENE LAW SECTION 10.09,
PETITIONER-APPELLANT,

V                                                MEMORANDUM AND ORDER

STATE OF NEW YORK, NEW YORK STATE OFFICE OF
MENTAL HEALTH AND NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION,
RESPONDENTS-RESPONDENTS.

---

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA
(MICHAEL H. MCCORMICK OF COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Oneida County (Joseph E. Fahey, A.J.), entered August 23, 2013 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, directed that petitioner shall continue to be committed to a secure treatment facility.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner was previously determined to be a dangerous sex offender requiring civil confinement and was committed to a secure treatment facility (*see* Mental Hygiene Law § 10.01 *et seq.*). Petitioner now appeals from an order, entered after an evidentiary hearing, continuing his confinement in a secure treatment facility (*see* § 10.09 [h]). We affirm. As a preliminary matter, we reject petitioner's contention that respondents failed to prove by clear and convincing evidence that he is a dangerous sex offender requiring continued confinement (*see generally Matter of State of New York v High*, 83 AD3d 1403, 1403, *lv denied* 17 NY3d 704). Supreme Court was in the best position to evaluate the weight and credibility of the conflicting expert testimony, and the record supports the court's determination to credit the opinion of respondents' expert over that of petitioner's expert (*see Matter of Skinner v State of New York*, 108 AD3d 1134, 1135).

We reject petitioner's contention that the court failed to state the facts it deemed essential in making its determination (*see id.* at 1134; *see also* CPLR 4213 [b]).  Although we agree with petitioner that more detailed decisions are warranted in order to facilitate appellate review, we conclude that the court's decision here, despite its brevity, complies with section 4213 (b) (*see Skinner*, 108 AD3d at 1134).

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court